## ALEXANDER v. PECK.

If in a justice's Court, the plaintiff's demand be not within the jurisdiction of the justice, the action should be dismissed; and if the defendant, after crediting the plaintiff's demand, claim a balance of more than 100 dollars, his set-off should be rejected.

APPEAL from the *Jasper* Circuit Court.

DEWEY, J.—This was an action of debt on a note for twenty-five dollars before a justice of the peace. The de-

fendant pleaded a failure of consideration; and he filed an account, by way of set-off, for 168 dollars and 88 cents. The case was appealed. At the first term of the Circuit Court, before entering into trial, the plaintiff moved the Court to reject the defendant's account; the motion was overruled; verdict and judgment for the defendant for 100 dollars.

We think the motion to set aside the defendant's account should have prevailed. Justices of the peace have jurisdiction in actions of assumpsit and debt to the amount of 100 dollars. In all actions before them, founded on contract, the defendant, among other defences, may file a set-off; R. S. 1838, p. 368; and if the balance shall appear to be in his favour, he is entitled to a judgment and execution for the amount of it, in the same manner as if he had been plaintiff. Ib. p. 370. But neither party can make a claim beyond the jurisdiction of the justice, nor can the defendant, by demanding more than the justice can take cognizance of, defeat the plaintiff's action. If the plaintiff's demand be not within the jurisdiction of the justice, the action should be dismissed; and if the defendant, after crediting the plaintiff's demand, claim a balance of more than 100 dollars, his set-off should be rejected.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the set-off inclusive set aside, with costs. Cause remanded, &c.

*R. A. Chandler*, for the appellant.

*R. A. Lockwood* and *D. Mace*, for the appellee.