Blackford, J.
— “ The new trial was correctly granted. Tin-amount of the verdict was beyond the jurisdiction of the Court, tin cause having originated before a justice of the peace. Indeed, th< defendant’s account ought to have been struck out. The Court hac no jurisdiction of it. It has been decided that if the defendant, ii such case, after crediting the plaintiff’s demand, claim a balance o more than 100 dollars, (as in the case before us) his account shoulc be rejected. Alexander v. Peck, 5 Blackf. 308. That being the case it is not necessary to examine the particular ground on which th> new trial was granted. The verdict, whether that ground was tena ble or not, could notbe sustained.
“ The judgment ought not to have been arrested on account of the alleged misjoinder. The charges in the plaintiff’s account are very imperfect, but for any thing that appears, they may be all founded on contract, and recoverable in an action of debt. In cases like this *209 originating in a justice’s court, all forms in the pleadings are dispensed with by the statute. The circumstance that this action is as-sumpsit instead of debt, is of no consequence. The statute expressly enacts, that no misnomer of the action, either in the process or pleadings, shall justify a dismission thereof. R. S. p. 871.
“ The defendant contends that, on the last trial, the Court erred in admitting a certain indenture in evidence, and also some parol evidence as to the value of certain pasture. But as the grounds of objection do not appear to have been pointed out to the Circuit Court, the evidence must be considered as having been rightly admitted. Russel v. Branham, 8 Blackf. 277.
The last bill of exceptions is signed only by the circuit judge, the other judges appearing to be present at the trial. That bill of exceptions, is not, therefore, any part of the record.”
Judgment reversed, &c.