May Term,<br>1849.

GHARKEY<br>v.<br>HALSTEAD.

---

## GHARKEY v. HALSTEAD.

If a defendant before a justice, after crediting the plaintiff's demand, claim a balance of more than 100 dollars, his account should be rejected.

Where evidence is objected to, it must appear that the grounds of objection were pointed out to the Court, or the evidence will be considered by this Court as having been rightly admitted.

A bill of exceptions must be signed by a majority of the judges present at the time, or it will form no part of the record.

ERROR to the *Delaware* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit, commenced by *Gharkey* against *Halstead*, before a justice of the peace. The cause of action, filed before the justice, was an account consisting of various items; which account amounted to 99 dollars and 28 cents. The defendant filed an account, as a set-off, amounting to 264 dollars and 76 cents. The justice gave judgment for the plaintiff for 26 dollars and 35 cents.

The defendant appealed to the Circuit Court. Trial in the Circuit Court at the *September* term, 1846, and verdict for the defendant for 125 dollars and 75 cents.

A new trial was granted, on the plaintiff's motion, on account of the discovery of new evidence.

At the *March* term, 1847, the cause was again tried. Verdict for the plaintiff for 25 dollars and 84 cents. On motion of the defendant, the judgment was arrested on

Wednesday,<br>June 27.

May Term, 1849.

GHARKEY
v.
HALSTEAD.

the ground that there was a misjoinder of causes of action.

The new trial was correctly granted. The amount of the verdict was beyond the jurisdiction of the Court, the cause having originated before a justice of the peace. Indeed, the defendant's account ought to have been struck out. The Court had no jurisdiction of it. It has been decided, that if the defendant in such case, after crediting the plaintiff's demand, claim a balance of more than 100 dollars, (as in the case before us,) his account should be rejected. *Alexander* v. *Peck*, 5 Blackf. 308. That being the case, it is not necessary to examine the particular ground on which the new trial was granted. The verdict, whether that ground was tenable or not, could not be sustained.

The judgment ought not to have been arrested on account of the alleged misjoinder. The charges in the plaintiff's account are very imperfect, but, for anything that appears, they may be all founded on contract, and recoverable in an action of debt. In cases like this, originating in a justice's Court, all forms in the pleadings are dispensed with by the statute. The circumstance that the action is assumpsit instead of debt, is of no consequence. The statute expressly enacts, that no misnomer of the action, either in the process or pleadings, shall justify a dismission thereof. R. S. 1843, p. 871.

The defendant contends that, on the last trial, the Court erred in admitting a certain indenture in evidence, and also some parol evidence as to the value of certain pasture. But as the grounds of objection do not appear to have been pointed out to the Circuit Court, the evidence must be considered as having been rightly admitted. *Russell et al.* v. *Branham et al.*, 8 Blackf. 277.

The last bill of exceptions is signed only by the circuit judge, the other judges appearing to be present at the trial. That bill of exceptions is not, therefore, any part of the record.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to

render judgment on the verdict for the plaintiff.    Costs
here.

*T. J. Sample* and *D. Kilgore*, for the plaintiff.

*W. March*, for the defendant.