*G. W. Julian*, for the appellant.

*J. Yaryan* and *J. F. Gardner*, for the appellee.

---

## CULLEY *v.* LAYBROOK.

The amount stated in the conclusion of the declaration or complaint,
must be considered the limit of the plaintiff's demand.

A motion to dismiss cannot be sustained on the ground that the sums of
money claimed in the several counts added together make an amount
to which the jurisdiction of the Court does not extend, if the amount
claimed in the general conclusion is within the jurisdiction.

*Aliter*, in the absence of such general conclusion.

A non-resident may file his bond for costs in open Court, within such
time as the Court shall deem reasonable; and such bond, though filed
after verdict, is valid.

APPEAL from the *Union* Circuit Court.

DAVISON, J.—Assumpsit, commenced on the 2d of *February*, 1853, by *Laybrook* against *Culley*, before a justice of the peace.

The cause of action contains four counts. The first alleges that on, &c., at, &c., in consideration that the plaintiff, at the defendant's request, would buy of him a certain mare for 65 dollars, he, the defendant, then and there undertook and promised the plaintiff that said mare was sound. It is averred that the plaintiff did buy the mare of the defendant and pay him said amount of money, when in truth, &c., she was unsound and of no value, &c. The second count is, substantially, the same as the first. The third is for 75 dollars, money lent, &c., and the fourth for 75 dollars, money found due from the defendant to the plaintiff on an account stated, &c. The cause of action concludes as follows: "To the damage of the plaintiff 75 dollars."

Before the justice there was a judgment for one dollar, from which the plaintiff appealed. In the Circuit Court he recovered a judgment for 65 dollars.

A bill of exceptions shows, that the defendant at the proper time moved to. dismiss the suit, alleging in support of his motion, that the sums of money claimed in the several counts, when added together, make an amount to which the jurisdiction of a justice does not extend. The motion was correctly overruled. The amount stated in the general conclusion to the cause of action, must be considered the limit of the plaintiff's demand,—which amount, in the present form of action, is within a justice's jurisdiction. In the absence of such general conclusion, the decision of the Court would have been erroneous; but as the case stands, the ruling must be sustained. *Swift* v. *Woods*, 5 Blackf. 97.—*Bainum* v. *Small*, 4 Ind. R. 49.

The bill further shows that after the jury were called and placed in the jury box, but before they were sworn, the defendant moved, the plaintiff being a non-resident, to dismiss the cause on the ground that no bond or

security for costs had been filed. This motion was over- <span>Nov. Term,</span>
ruled, whereupon the plaintiff offered to execute a bond <span>1856.</span>
for costs, with *John Yaryan* as surety, who was approved <span>LARSH</span>
by the Court, which bond the clerk was directed to draw <span>v.</span>
up, and the trial progressed with the understanding that <span>ESTEP.</span>
it should be executed, which was done, after the verdict
was rendered. We perceive nothing in the decision of
the Court, prejudicial to the rights of the defendant. The
law, it is true, requires a non-resident plaintiff to give
security for costs, before he commences his suit, but it
also provides, "that such suit shall not be dismissed for
want of a bond for costs, if he shall file a bond in open
Court within such time as the Court shall deem reason-
able." R. S. 1843, p. 675, s. 33.—2 R. S. p. 127, s. 402.
There seems to be no valid reason why the bond in this
case, though given after verdict, was not obligatory,—
hence, the defendant received no injury by the ruling of
the Court.

*Per Curiam.*—The judgment is affirmed with 10 per
cent. damages and costs.

*C. H. Test*, for the appellant.

*J. Yaryan*, for the appellee.