## MURPHY v. EVANS.

In a suit in a justice's Court, the defendant may plead a set-off of more than 100 dollars, and claim judgment for an amount equal to the plaintiff's claim and for costs.

A party cannot, by a claim for damages, give himself a right to recover more than the facts stated by him will warrant.

But if a party claim as damages less than the facts pleaded will warrant, he is bound by the sum claimed, and can recover no more.

APPEAL from the *Decatur* Circuit Court.

WORDEN, J.—*Murphy* brought his action against *Evans*, before a justice of the peace, for 22 dollars, 5 cents, on an account stated. *Evans* appeared and moved to dismiss

the complaint for insufficiency, which motion was sustained, and the plaintiff appealed to the Circuit Court. In the latter Court, the defendant filed an answer, setting up, as an offset to the plaintiff's claim, various items, amounting to 279 dollars, 14 cents, upon which he claimed judgment for costs against the plaintiff, but claimed no further judgment on his offset.

The plaintiff moved to reject the answer; but his motion was overruled, and he excepted. He then filed a demurrer to it, assigning for cause that it exceeded the jurisdiction of the Court, and that the Court had no jurisdiction of the subject-matter; but the demurrer was overruled, and the plaintiff excepted. He then replied, and the cause was tried by the Court. Finding and judgment for the defendant, for costs.

The ground relied upon to reverse the judgment is, that the amount of the offset exceeded the jurisdiction of the Court, and that the Court should have rejected it, or sustained the demurrer.

Justices have jurisdiction in actions on contract or tort "when the debt or damages claimed or the value of the property sought to be recovered does not exceed one hundred dollars." 2 R. S. p. 451.

Without stopping to inquire whether, in any case, on appeal from the judgment of a justice, any question can be adjudicated in the Circuit Court that could not before the justice, for want of jurisdiction, we will inquire whether the account in question could have been set up, as above stated, before the justice of the peace.

The jurisdiction of the justice depends upon the amount of "the debt or damages claimed." Where the amount so "claimed" exceeds the sum named, the justice would have no jurisdiction, whether the amount be claimed by the plaintiff, or by the defendant on his set-off. Hence, if the set-off, after crediting the plaintiff's demand, claim a balance of more than 100 dollars, the set-off should be rejected. *Gharkey* v. *Halstead*, 1 Ind. R. 389.—*Alexander* v. *Peck*, 5 Blackf. 308.

Nov. Term,
1858.

MURPHY
v.
EVANS.

The question arises in this case, how much did the defendant demand on his set-off?

If he demanded the whole amount of it, after deducting what might be due the plaintiff, it was beyond the jurisdiction of the justice; but if he only demanded an allowance of enough upon it to balance the plaintiff's claim, and only sought judgment against the plaintiff for costs, the justice would have jurisdiction. Had the set-off been set up for the amount above stated, without any limitation as to the extent of the demand upon it, it would probably be intended that the defendant demanded judgment thereon in his favor for whatever might be found due him thereon, after balancing what might be found due the plaintiff. But his demand upon the set-off is expressly limited to a judgment for costs against the plaintiff. Under this demand, we think, were there no question of jurisdiction, the defendant could not have had judgment against the plaintiff for any balance that might be found due him.

In the case of *Collins* v. *Shaw*, 8 Ind. R. 516, it was held that where the note sued upon and the credits indorsed thereon, showed the sum sued for to be within the jurisdiction of the Court of Common Pleas, the Court had jurisdiction, although the damages laid in the conclusion were for a sum beyond the jurisdiction of such Court. The Court say: "The damages laid in the conclusion did not enlarge the claim."

It is insisted that this rule is one that must work both ways; that if the damages claimed cannot enlarge the real claim as shown by the facts pleaded, they cannot lessen such claim; or, in other words, if the amount which the papers show to be in controversy, and not the sum claimed as damages, is to be looked to for the purpose of determining jurisdiction in one case, it must be in all cases.

We do not, however, so view the matter. A party cannot, by a claim for damages, give himself a right to recover more than the facts stated by him will warrant. If he sues only upon a note for 500 dollars, although he claims damages to the amount of 1,500 dollars, he can only recover his 500 dollars and interest, and that sum is all there is in contro-

Nov. Term, 1858.

THE TRUSTEES, &c.
v.
SIMPSON.

versy. But such is not the case where a party claims, as damages, less than the facts pleaded by him will warrant. In such case, he is bound by the sum claimed as damages and can recover no more. He may lessen, but cannot enlarge, by his claim of damages, the amount apparently due by the facts set up. This point was decided in *Epperly* v. *Little*, 6 Ind. R. 344.

In *Anderson* v. *Farns*, 7 Blackf. 343, and *Short* v. *Scott*, 6 Ind. R. 430, it was held that the amount claimed as damages, so far limited the claims set up, as to give the justice jurisdiction.

We are of opinion that the Court committed no error in refusing to reject the set-off, or in overruling the demurrer thereto.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey* and *W. Cumback*, for the appellant.

*J. Gavin* and *O. B. Hord*, for the appellee.