Pate *v.* Shafer.

---

### PATE *v.* SHAFER.

In a complaint, the amount demanded in the prayer is the criterion of jurisdiction, and the same rule applies to a defense by way of set-off.

APPEAL from the *Ohio* Common Pleas.

*Per Curiam.*—This was an action by *Shafer* against *Pate*, commenced before a Justice of the Peace, upon an account, in which the plaintiff claimed a balance of sixty-two dollars and forty-six cents. The defendant filed an off-set of various items, amounting to five hundred dollars, but claimed judgment for the amount that might be found due him, after deducting what might be found due the plaintiff, "not to exceed one hundred dollars." On the appeal to the Common Pleas, the cause was tried, and resulted in a verdict and judgment for the plaintiff, for the amount of his claim.

The cause is before us on the evidence. The full amount of the plaintiff's claim being allowed him, it is apparent that the defendant's off-set was totally rejected. The evidence,

clearly enough, sustains some portion of the set-off; and, in reference to this portion, there does not appear to have been any conflict in the testimony. Hence, it seems to us, that a new trial, which was asked for, should have been granted. But it is insisted, by counsel for the appellee, that the set-off was beyond the jurisdiction of the justice, and, hence, that the verdict was right.

This point, in our opinion, is not well taken. In a complaint, the amount demanded in the conclusion is the criterion of jurisdiction. *Culley* v. *Laybrook*, 8 Ind. 285. *Guard* v. *Circle*, 16 Ind. 401. The same rule must apply in reference to a set-off. Here, the defendant claimed judgment for an amount " not to exceed one hundred dollars " which was within the jurisdiction of the justice.

This accords with the cases of *Alexander* v. *Peck*, 5 Blackf. 308, and *Gharkey* v. *Halstead*, 1 Ind. 389. *Murphy* v. *Evans*, 11 Ind. 517.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

*A. C. Downey*, for the appellant.
*David McDonald*, for the appellee.