Melloh v. Demott.

No. 8522.

## MELLOH v. DEMOTT.

JUSTICE OF THE PEACE.—*Title to Real Estate, When in Issue.—Jurisdiction.*— The jurisdiction of a justice in an action for the recovery of possession of real estate is not ousted by an answer concerning the title, unless it is made evident that the title itself must be tried.

SAME.—*Real Estate, Action to Recover.—Lease.*—In an action before a justice of the peace for the possession of land, an answer, that, upon foreclosure of a mortgage made by the plaintiff, the sheriff had sold and conveyed to a purchaser, who had made a lease to the defendant, under which he had taken and was holding peaceable possession, does not necessarily bring the title in issue. The facts stated may be confessed and avoided.

From the Marion Superior Court.

*J. Buchanan* and *G. B. Manlove*, for appellant.

*B. F. Davis*, for appellee.

WOODS, J.—The action in this case was commenced before a justice of the peace, who, upon the filing of a sworn an-

swer, which was deemed to put in issue the title to real estate, certified the case to the superior court, which, at special term, on motion of the plaintiff, remanded the case to the justice of the peace. The defendant appealed from the judgment and order of the special term to the court in general term, and from the judgment in general term, affirming the judgment at the special term, has appealed to this court.

The substance of the complaint is, that in April, 1879, the plaintiff, Demott, was in the rightful and exclusive possession of a certain enclosed body of land which is described, and the defendant, Melloh, did unlawfully and wrongfully break and enter into the plaintiff's said close and lands, and subsequently has had and maintained the control thereof, against the plaintiff's will, and has destroyed grass and herbage and removed the fences to plaintiff's damage, for which he demands judgment in the sum of two hundred dollars.

The appellant's answer consisted of a general denial, and a verified plea of the following substance :

That he entered and took peaceable possession of the property under a lease, for one year, from Samuel Bingham, the owner of the land, who had purchased it at sheriff's sale on a decree of foreclosure of a mortgage, executed by the plaintiff, and after the expiration of a year from the date of the sale, no redemption having been made, had received the sheriff's deed, whereby all the right, title and interest of the plaintiff in and to the lands were transferred to said Bingham, and thereafter the plaintiff voluntarily vacated and surrendered the premises, and the defendant, as lessee of Bingham, the owner of the legal title, took peaceable possession.

The title of the land was not put in issue by this plea. The gist of the complaint was the unlawful breaking of the defendant into a possession then peaceably and rightfully held by the plaintiff.

The answer is good as an argumentative denial, it being averred that the plaintiff had voluntarily vacated, and that the defendant had entered peaceably. This made a complete is-

sue, and apparently the sole issue to be tried. The averments concerning the foreclosure, sale and conveyance do not certainly have any direct bearing upon that issue, and therefore furnished no ground for transferring the case. Conceding the facts alleged concerning the foreclosure sale, it may yet have been that the plaintiff had acquired the right to remain in possession,•by a lease from Bingham, or by a contract with him, made before that of the defendant; and so the plaintiff might have made out his case without denying the title set up in the answer. The jurisdiction of a justice in such a case can not be ousted by an answer concerning the title, unless it is made to appear that the title itself must be tried. Section 12 of the act concerning justices of the peace, 2 R. S. 1876, p. 607, contains the law on the subject and reads as follows:

"If the title to land shall be put in issue by plea supported by affidavit, or shall manifestly appear from the proof on the trial to be in issue, the justice shall, without further proceeding, certify the cause and papers to the circuit court of the proper county, where the same shall be tried."

The question is discussed by counsel, whether it was competent for the justice to send the case to the superior court, if the title to real estate had been put in issue, and whether the case ought not to have been sent to the circuit court. The conclusion already reached makes it unnecessary to consider that question.

Judgment affirmed, with costs.