## HUMMEL, Adm'r, v. MOORE.

*(Circuit Court, D. Colorado. November 12, 1885.)*

1. PLEADING—ANSWER—SEVERAL DEFENSES—INCONSISTENT DEFENSES.

   Where several defenses are pleaded in an answer, each defense must be complete in itself, and a full answer to the action; but it is not necessary that the several defenses shall be harmonious throughout, or such as will admit comparison and adjustment in respect to the facts alleged in them.

2. SAME—DENYING NEGATIVE AVERMENT.

   In an action on a promissory note, a negative averment that the note is unpaid cannot be met by a denial in the answer.

3. REMOVAL OF CAUSE — JURISDICTION — AMOUNT EXCEEDING JURISDICTION OF STATE COURT.

   Where the amount claimed by way of set-off exceeds the jurisdiction of the state court from which the cause is removed to the United States court, the United States court has no jurisdiction.

At Law.

*A. H. De France,* for plaintiff.

*T. J. O'Donnell,* for defendant.

HALLETT, J. Action in the county court of Jefferson county on a promissory note made by defendant to plaintiff's testator, to recover the sum of $866.65, and interest. On defendant's application the suit was removed into this court under the act of 1875. Before issue in this court defendant filed several answers, denying specifically the matters alleged in the complaint; alleging want of consideration for the note, payment of the note, and an agreement by the deceased payee to cancel and deliver up the note. Objection is made to the second, third, and fourth defenses, in which the making of the note seems to be admitted, that they are not consistent with the first defense, in which all allegations of the complaint are denied. This is met by the authority of *People* v. *Lothrop,* 3 Colo. 448, in which it is held that inconsistent defenses may be interposed under section 64 of the Code of this state. Each defense must be complete in itself, and a full answer to the action. But it is not necessary that the several defenses shall be harmonious throughout, or such as will admit of comparison and adjustment in respect to the facts alleged in them. Plaintiff alleged in his complaint that defendant had not paid the note except certain sums which were mentioned. In the first answer this allegation was answered in the following words: "Denies that defendant has not paid the same." Plaintiff now moves to strike out these words on the ground that they are not consistent with other parts of the answer. Whether this be true or not, an issue as to payment of the note cannot be raised in that manner. It was not necessary to aver that the note was unpaid, and, if necessary, a negative averment of that kind cannot be met by denial. The words referred to may be struck out. In the fifth defense defendant seeks to set off against plaintiff's demand the sum of $3,000 due from plaintiff's intestate, for mining claims sold and conveyed to him by defendant. The sixth defense is similar, relying on a set-off of $3,000,

without stating for what the money was due. In the seventh defense the charge is that plaintiff's intestate converted to his own use certain bonds of the Moore Mining & Smelting Company belonging to the defendant, of the value of $5,000. In conclusion defendant demands judgment for these several sums, amounting to $8,000.

By the constitution of the state (article 6, § 23,) and by statute (Gen. St. 243) the jurisdiction of county courts in civil cases is limited to $2,000, and objection is made to the fifth, sixth, and seventh defenses that the amount demanded in each of them exceeds that sum. Upon this demurrer, the question is whether in this court the action is subject to limitations and restrictions respecting jurisdiction which obtain in the county court, from which it was removed.

It is conceded that in the county court defendant, as well as plaintiff, would not be admitted to present a claim or demand exceeding $2,000, or, at any rate, if the claim should be for a larger sum, that he could ask for no more than $2,000 upon it. *Pate* v. *Shafer*, 19 Ind. 173; *Murphy* v. *Evans*, 11 Ind. 517. But defendant contends that in this court the action is subject only to the jurisdiction of this court, without reference to the jurisdiction of the county court, because it is provided in the act of 1875 (18 St. 471) that upon removal of a cause to a circuit court of the United States, and upon filing a copy of the record therein, "the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court." The language of the act is very general, but it must not be taken to enlarge the scope of an action removed from a state court into a circuit court. It is a general rule of civil procedure that in respect to the object of a suit, and the relief to be granted in it, it will retain its character and individuality from beginning to end. The character of a suit, and the limitations and restrictions affecting it, when it is begun, remain with it in all jurisdictions through which it may pass. Accordingly it was held in Louisiana, in a suit begun in a parish court for an amount exceeding the jurisdiction of that court, and afterwards transferred to a district court of larger jurisdiction, that it could not be maintained in the latter court, because of the limitation in the court in which it was begun. *Parker* v. *Shropshire*, 26 La. Ann. 37. And in cases appealed from justices of the peace to courts of larger jurisdiction, limitations upon the jurisdiction of justices of the peace must be enforced in the appellate court. *Allen* v. *Belcher*, 3 Gilman, 594; *Billingsly* v. *State*, 3 Tex. App. 686; *Coolan* v. *Bryant*, 36 Wis. 605. In all essential features the case is subject in this court to the limitations and restrictions which would have been applicable in the county court if it had not been removed into this court. The same law is to be administered, and the same judgment to be given, in this court as would have been recognized in the court of original jurisdiction, and inasmuch as the answers numbered 5, 6, and 7 could not be maintained in that court, they cannot be received in this. The demurrer to those answers will be sustained.