## DEANE v. ROBINSON.

[No. 5,081. Filed January 24, 1905.]

1. JUSTICES OF THE PEACE.—*Jurisdiction.*—*Answer of Title to Real Estate.*—Where, in an action by the landlord against his tenant for possession, such tenant, in his verified answer, denies such tenancy and claims title to such real estate in himself, the justice of the peace has no further jurisdiction, and it is his duty to certify such cause to the circuit court. p. 472.

2. COURTS.—*Circuit.*—*Jurisdiction of Cause Involving Title to Real Estate Appealed from Justice.*—Where a cause of action involving title to real estate is appealed from a justice of the peace, the circuit court on appeal does not have jurisdiction, and a motion to dismiss the cause should be sustained. p. 472.

3. SAME.—*Circuit.*—*Case Certified from Justice's Court.*—*New Parties.*—The fact that new parties may be necessary in a cause before a justice, when title to real estate is put in issue, does not prevent such justice from certifying the cause to the circuit court. p. 473.

From Jasper Circuit Court; *J. W. Oswald,* Special Judge.

Action by John Deane against Alfred C. Robinson. From a judgment dismissing the cause of action on appeal from a justice of the peace, plaintiff appeals. *Affirmed.*

*William E. Uhl,* for appellant.
*J. E. Wilson, J. J. Hunt* and *Isaac Parsons,* for appellee.

Black, J.—A cause was pending before a justice of the peace of White county, wherein the appellant was the plaintiff and the appellee was the defendant. The complaint stated a cause of action against the appellee as tenant of certain real estate in the town of Monon, demised to him by one Horner, who had conveyed the reversion to the appellant, for the recovery of possession of the demised premises by the appellant, as the landlord, and damages for detention thereof by the appellee unlawfully holding over after notice to quit for nonpayment of rent. Before the justice of the peace the appellee filed answer, one paragraph of which was supported by the affidavit of the appellee, and thereupon the appellee moved the justice to certify the cause to the circuit court of that county without further proceeding. This motion having been overruled, the cause was tried, and the justice of the peace rendered judgment in favor of the appellant. The appellee appealed to the circuit court of that county, whence the venue was changed to the court below, where, upon the verified motion of the appellee, the cause was dismissed.

The question is presented whether the title to land was put in issue by the verified answer above mentioned, within the meaning of §1501 Burns 1901, §1434 R. S. 1881, which provides as follows: "If the title to land shall be put in issue by plea supported by affidavit, or shall manifestly appear from the proof on trial to be in issue, the justice shall, without further proceeding, certify the cause and papers to the circuit court of the proper county, where the

same shall be tried." In this answer the appellee, in substance, denied that he ever leased or rented the premises described in the complaint from Horner or the appellant, or ever held that real estate as the tenant of Horner or the appellant, or ever promised to pay Horner or the appellant rent as charged in the complaint, or in any other manner; and he denied every allegation in the complaint inconsistent with this answer. It was alleged that during the times mentioned in the complaint the appellee held possession of that real estate as owner thereof, and that it was held by Horner as trustee for the appellee; that on April 8, 1899, and prior thereto, Horner and the appellee had a large amount of business interests together; that they owned 570 acres of land in Jasper county, Indiana, then held by deed in the name of Horner, for himself and as trustee for the appellee, the value of the interest of the latter in the land being about $7,000, which was then being offered for sale for the benefit of Horner and the appellee as their interests should appear; that Horner at the same time had a mechanic's lien for $1,116 against the real estate described in the complaint to secure a debt then owed by the appellee to Horner for labor and materials furnished for improvements on such real estate, the appellee then being the owner of record of this real estate, described in the complaint, subject to the mechanic's lien and other liens of about $2,800; that the appellee at that time entered into an agreement with Horner, whereby the mechanic's lien was foreclosed in the circuit court of White county, and other liens were paid off by Horner; that at the time when the foreclosure proceedings were commenced it was mutually understood and agreed by and between appellee and Horner that such proceedings were only for the purpose of establishing the priority of the liens and claims of Horner, and that at the sale to be made by order of the court as the result of such proceedings Horner should buy the real estate described in the complaint, and pay all liens held valid by the court, and as should be neces-

sary to protect the title to the real estate; that April 8, 1899, and prior thereto, as a part of said agreement, it was understood and agreed that this real estate, after sale and purchase, should be held by Horner as trustee for the appellee until they could or did sell the 570 acres of land in Jasper county, and out of the share or part realized for the appellee's interest therein enough should be deducted and paid to Horner fully to satisfy any and all sums or amounts then due or owing to Horner because of his expenditures pursuant to their said agreement; that, pursuant to this agreement, Horner, together with one Gardner, one of the holders of said liens, on April 8, 1899, purchased the real estate described in the complaint, and soon thereafter Horner paid and satisfied Gardner, and thereafter Horner continued to hold the real estate as trustee for the appellee, Horner receiving the sheriff's deed therefor; and he had no other claim or title to the real estate, and the appellee "has ever since continued in possession thereof as owner, and not otherwise." It was further alleged that before the suit at bar was brought, the land in Jasper county was sold for about $21,000, out of which the appellee was entitled to and owned about $7,000; that Horner received, and ever since has held and kept in his possession and converted to his own use, all said money from the sale of the land, including said sum of $7,000 belonging to the appellee, and refused to pay any part thereof to the appellee, and before the commencement of this suit Horner refused to apply any part of the money in his possession to the payment and satisfaction of the money due because of his expenditures in the purchase of the premises described in the complaint, including his liens foreclosed, he wrongfully then and there claiming to be the absolute owner of the premises, and September 30, 1902, he sold and by warranty deed conveyed the premises to the appellant, in violation of said agreement and trust and the rights of the appellee; that the appellant, before and at the time he purchased the

real estate from Horner, knew that the same was so held as trustee, "and in all respects had full knowledge and notice of" the appellee's "rights and interest" in the premises described in the complaint; "wherefore, this defendant says that he is now the owner of said premises described in said complaint, and that said deed so had and held by said Cornelius M. Horner and the deed of conveyance to said John Deane, plaintiff, for said premises are both and each only a mortgage; and he (this defendant) asks judgment in this cause against said plaintiff that he (this defendant) is the owner of said real estate described in said complaint, and that said deed be declared a mortgage; also that this defendant is entitled to the possession of said premises; and for all other proper relief."

1.   Though a cause of action within the jurisdiction of a justice of the peace be shown by a complaint before him, yet if a plea supported by affidavit present an issue involving the title to land which must be tried and determined for the settlement of the rights of the parties in the premises, the justice of the peace has no jurisdiction over further proceedings in the cause, but should certify it to the circuit court. *Wall* v. *Albertson* (1862), 18 Ind. 145; *Bibbler* v. *Walker* (1879), 69 Ind. 362; *Miller* v. *Cheney* (1882), 88 Ind. 466; *Millikan* v. *Davenport* (1892), 5 Ind. App. 257.

2.   If the verified answer put in issue the title to the real estate described in the complaint, and the justice of the peace was thereby deprived of jurisdiction over further proceedings in the cause, the circuit court would not have jurisdiction to proceed on appeal to the disposal of the cause on its merits, and the dismissal was proper. *Kiphart* v. *Brennemen* (1865), 25 Ind. 152; *Jolly* v. *Ghering* (1872), 40 Ind. 139; *Pritchard* v. *Bartholomew* (1873), 45 Ind. 219; *Mays* v. *Dooley* (1877), 59 Ind. 287; *Horton* v. *Sawyer* (1877), 59 Ind. 587; *Goodwine* v. *Barnett* (1891), 2 Ind. App. 16.   The verified answer does not involve a denial

by a tenant of his landlord's title, as seems to be thought by counsel for the appellant, but it does present a question for the determination of which the justice of the peace had not jurisdiction.

3. If, for the administering of complete relief, it was needed that Horner should have been a party, this fact would not affect the question as to the right of the appellee to have the cause certified to the circuit court. The appellant, being a purchaser with notice of the equitable rights and interests of the appellee, had no better right than Horner, who, while he held the legal title, was not the appellee's landlord, and had no right to demand or recover rent from the appellee, but, upon the facts stated, ought to have applied the funds in his hands to the claims held by him against the appellee, and to have transferred to the latter the legal title.

Judgment affirmed.