GRIMES ET AL. v. MUZZILLO ET AL.

[No. 12,169. Filed July 1, 1925.]

LANDLORD AND TENANT.—*Notice to quit not necessary when tenancy for definite term.*—Under the provisions of §9545 Burns 1926, §8059 Burns 1914, §5213 R. S. 1881, where a tenancy is for a definite period of one year from a fixed date, no notice to quit is necessary.

From DeKalb Circuit Court; *William P. Endicott,* Judge.

Action by Frank Muzzillo and others against Irving Grimes and others: From a judgment for plaintiffs, the defendants appeal. *Affirmed.* By the court in banc.

*Edgar W. Atkinson,* for appellants.

*W. H. Mountz,* for appellees.

REMY, C. J.—Appellees, owners of certain real estate, leased the same to appellants for one year from July 1, 1923, at a rental of $55 per month payable monthly "in advance on or before the first day of each calendar month of said term." By the express terms of the lease, which was in writing, the tenancy expired July 1, 1924. Appellants remained in possession, under the lease, making rental payments monthly in advance, the last payment being made June 1, 1924. Appellants did not vacate the premises at the expiration of the tenancy; but held over without any new contract of any kind, without the payment, or tender of payment, of rent, and without the consent of appellees. Whereupon, on July 16, 1924, in the court of a justice of the peace, appellees commenced suit for possession and damages. A trial resulted in a judgment for appellees, from which judgment, appellants appealed to DeKalb Circuit Court, where, on August 29, 1924, the cause was again tried with a like result, except that the judgment for damages was increased from $75 to $110. From the judgment of the circuit court, this appeal is prosecuted.

The tenancy created by the contract of the parties being for the definite period of one year, the year ending July 1, 1924, it terminated on that date by limitation, and appellants were entitled to no notice to quit. §9545 Burns 1926, §5213 R. S. 1881; *Barrett* v. *Johnson* (1891), 2 Ind. App. 25, 27 N. E. 983; *Millington* v. *O'Dell* (1905), 35 Ind. App. 225, 73 N. E. 939; *Lautman* v. *Miller* (1902), 158 Ind. 382, 63 N. E. 761.

The holding over by appellants was wrongful.

From the record, it clearly appears that this appeal, which is without merit, was taken for delay.

Judgment affirmed, and ten per cent. damages are assessed in favor of appellees.