JOHNSON ET AL. *v.* GREENEN.

[No. 14,670.   Filed February 14, 1934.   Rehearing
dismissed  May  10,  1934.]

*Joseph K. Brown* and *E. L. Johnson, Jr.,* for appellants.

*Charles D. Babcock* and *Howard D. Phillips,* for appellee.

DUDINE, J.—This court having, on the 6th day of November, 1933, rendered an opinion in this cause, and appellees having filed a petition for rehearing, and this court having considered said petition and reviewed the authorities, now grants said petition for rehearing and renders the following opinion in lieu of said former opinion, to wit.

This was an action for possession of real estate, instituted in the Municipal Court of Marion County by appellee against appellants.

Appellee alleged in her complaint the execution of a certain lease by herself and appellants, occupancy of the premises by appellants under said lease, expiration of the period of the lease, and the wrongful holding over of the premises by appellants.

Appellants filed four paragraphs of answer, the first of which was a general denial. Appellee filed a demurrer to the second, third, and fourth paragraphs of answer,

which demurrer was sustained as to each of said paragraphs of answer.

Appellants thereafter filed a motion to transfer and consolidate the cause with another certain cause in Marion Superior Court, Room Three, which motion was overruled.

Thereafter appellants filed a plea termed by them a "plea in abatement," which, upon motion of appellee, was stricken from the files.

Appellants, having previously obtained a change of venue from the presiding judge, thereafter filed an application for a change of venue from the special judge, who had been appointed pursuant to said first change of venue, which latter application was denied.

Thereafter appellants filed what they termed a "Plea in Bar" which was overruled.

The cause was submitted to the court for trial, without the intervention of a jury, and the court found for appellee that she is the owner of the premises, and rendered judgment that she recover immediate possession thereof.

Appellants filed a motion for new trial, containing twenty grounds, which motion was overruled, and this appeal was perfected. Each of said grounds is set forth and referred to as a "point" in appellant's brief, and will be disposed of in this opinion, by reference to said "points."

The assignment of errors contains fifteen assigned errors, the last of which is that the court erred in overruling the motion for new trial. Each of said assigned errors, Nos. one, two, three, four, five, six, seven, and nine, are set forth and referred to as "points" in appellant's brief, and will be disposed of in this opinion by reference to said "points."

None of said assigned errors Nos. eight, ten, eleven, twelve, thirteen, and fourteen state an error which is a

ground for reversal. It will serve no good purpose to discuss said assigned errors.

"Points" six, seven, nine, ten, eleven, twelve, thirteen, fifteen, sixteen, seventeen, eighteen, and nineteen in appellant's brief are each mere statements that the court committed some alleged error. Under none of said "points" do appellants show specifically wherein the court erred, as alleged in the "point." Under none of said points do appellants cite any authorities in support thereof. Said "points" do not present any questions for determination as required by Rule 22, subdivision 6 (now Rule 21, subdivision 6) of this court and will, therefore, be deemed by us to have been waived.

Under "Point One" appellants contend the court erred in sustaining appellee's demurrer to appellant's second, third, and fourth paragraphs of answer. The complaint having been an action for possession of real estate, and appellants having filed an answer in general denial thereto, evidence of any defense to the action was admissible under the answer in general denial (Sec. 1131, Burns 1926, §3-1308, Burns 1933, §951, Baldwin's 1934). Appellants do not contend nor show that they were harmed by said ruling of the court. The transcript shows that appellants offered no evidence in defense. If said ruling of the court was erroneous, which we do not decide, it was harmless error, and is not a ground for reversal of the judgment. Sec. 426, Burns 1926, §2-1071, Burns 1933, §175, Baldwin's 1934.

Under "Point One" appellants contend the court erred in overruling their motion to transfer and consolidate this cause with another cause in Marion Superior Court Room Three. In this motion appellants alleged, as a basis therefor, that a cause instituted by them, and now pending in said Superior Court, involved the same subject matter and the same parties.

The Municipal Court of Marion County does not have

authority to transfer and consolidate causes of action pending in said court with causes of action pending in any other court, hence it was not error to overrule said motion.

Appellant's "points" three and five will be discussed later in this opinion.

Under "Point Four" appellants contend the court erred in overruling their motion for a change of venue from the special judge. This was not error because appellants separately and severally applied for the first change of venue, from the judge, which change was granted, and they were not entitled to another change of venue from the judge. Sec. 448, Burns 1926, §2-1407, Burns 1933, §191, Baldwin's 1934.

Under "Point Eight" appellants contend the court erred in overruling their "Plea in Bar" on the theory that this plea showed that an action was pending in another court involving the same subject matter and the same parties, and that said other action would have been tried before the instant suit if appellee had not taken a change of venue from the county in said other action.

Appellants cite no authorities in support of said contention. There are none. The trial court rightly overruled said motion. To hold otherwise would be contrary to law, which gives the Municipal Court of Marion County jurisdiction of certain types and classes of causes concurrent with other courts.

Under "Point Fourteen" appellants contend that "the decision of the court is not fairly supported by the evidence." This does not state a ground for a new trial, but we deem it advisable to discuss the contention. Appellants contend there was no evidence that the relation of landlord and tenant existed, nor that any demand was made for possession before commencement of the action.

Appellee introduced the lease in evidence. The term of the lease was "for a period of eight and one-half months, beginning with the 1st day of December, 1930." It did not provide for any extensions. Where the term of a lease is for a specified time, no notice to quit is necessary, the provision specifying the period of the lease is sufficient notice. (Sec. 9545, Burns 1926, §3-1620, Burns 1933, §10177, Baldwin's 1934.) *Grimes* v. *Muzzilo* (1925), 83 Ind. App. 368, 148 N. E. 425.

Appellants, in their recital of the evidence in their brief, say that Margaret Dalton, appellee's employee, testified that appellants lived in the premises under the lease from the date of its execution down to the time this suit was instituted, and are continuing to live therein; that appellants made payments of forty-five dollars ($45.00) a month rent under said lease starting in December, 1930, to August 1, 1931. Certainly said evidence was evidence of a landlord and tenant relationship.

Under "Point Twenty" appellants complain that the court erred in overruling their objections to the submission of the cause. They fail to designate in their brief the page of the transcript where these objections appear. We have searched the record to find these objections but have not found them.

Appellants' "Point Three" is that the court erred in striking out appellants' plea in abatement. It is based on the fact that said plea alleged "that the title to real estate was involved." In support thereof appellants cite Sec. 2 of the Acts of 1925, p. 457, which is Sec. 1725, Burns 1926, §4-2502, Burns 1933, §1717, Baldwin's 1934.

Said section defines the jurisdiction of the trial court. In it is the following language, "Such court shall have no jurisdiction in actions involving title to or the partition of real estate."

Under a statute which declared that justices of the peace should have no jurisdiction "in any cases where the title to lands . . . shall come in question," our Supreme Court held that in no case could the defendant oust the justice of his jurisdiction by his simple allegation in a plea that the title to certain land would come in question. *Parker* v. *Bussell* (1834), 3 Blackf. 411. In that case our Supreme Court said, "Whether the title to lands will come in question is a point which the court must determine from the issue . . . and not from the defendant's simply saying so."

Likewise in the instant case with reference to Sec. 1881, Burns 1926, §5-209, Burns 1933, §1860, Baldwin's 1934, we hold the question as to whether or not title to lands is "put in issue by plea supported by affidavit" must be determined by the court from the issues before the court, and not from the defendant's verified statement, or plea in abatement, saying so.

We must therefore determine whether at the time of the filing of the plea in abatement title to real estate "was involved" in the action.

At that time the issues consisted of the complaint, an answer in general denial, and appellant's amended cross-complaint consisting of two paragraphs. Both parties agree, and we hold that said cross-complaint stated actions involving title to real estate. That being true, the trial court did not have jurisdiction of the causes of action stated in said cross-complaint.

It is agreed that the trial court had jurisdiction of the cause of action stated in the complaint. Filing a cross-complaint which alleged causes of action of which the trial court did not have jurisdiction did not oust the court of jurisdiction of the cause of action stated in the complaint. *Alexander* v. *Peck* (1840), 5 Blackf. 308; *Melloh* v. *DeMott* (1881), 79 Ind. 502; *Millikan* v. *Davenport* (1892), 5 Ind. App. 257, 31

N. E. 1122 (See note 37 L. R. A. [N. S.] 606), and was no ground for abatement of the cause of action, hence the court did not commit reversible error in striking said plea in abatement.

Appellants' "Point Five" is that the court erred in striking out their cross-complaint.

We have shown above that the trial court did not have jurisdiction of the causes stated in the cross-complaint. Sec. 1727, Burns 1926 (§4-2504, Burns 1933, §1719, Baldwin's 1934), provides that the practice in the trial court should "be governed as near as may be by the code of civil procedure. Such court shall be the sole judge of the applicability of the several provisions of the code of civil procedure to the proceedings of said municipal court, and its decisions in respect thereto shall be subject to review upon appeal."

Justices of the peace do not have jurisdiction wherein the title to land is involved. (Sec. 1880, Burns 1926, §5-208, Burns 1933, §1859, Baldwin's 1934.)

Sec. 1881, Burns 1926 (§5-209, Burns 1933, §1860, Baldwin's 1934) provides as follows: "If the title to land shall be put in issue by plea supported by affidavit . . . the justice shall without further proceeding certify the cause and papers to the circuit court of the proper county, where the same shall be tried."

We think said provision of the code of civil procedure is applicable to the trial court, and if in the instant case title to land was "put in issue by plea supported by affidavit," the trial court should have forthwith certified the cause and papers to the circuit court.

Neither of the paragraphs of answer or cross-complaint were verified, therefore the filing thereof did not require the trial court to certify the cause to the circuit court under said Sec. 1881, *supra*.

The trial court not having jurisdiction of the causes

stated in the cross-complaint and the cross-complaint not having put the title to land in issue by verified plea, it was not reversible error to strike or reject said cross-complaint. *Gharkey* v. *Halstead* (1849), 1 Ind. 389; *Alexander* v. *Peck* (1840), 5 Blackf. 308; *Murphy* v. *Evans* (1858), 11 Ind. 518.

It might be contended, however, that an exhibit attached to the second paragraph of cross-complaint put the title in issue within the meaning of Sec. 1881, *supra.* Said exhibit was an affidavit which alleged that appellants had made certain improvements on the premises. It also alleged that appellants were owners in fee simple of the premises.

Title to land is not "put in issue" within the meaning of Sec. 1881, *supra,* unless it is made to appear that the title itself must be tried. *Melloh* v. *DeMott, supra*; see also *Millikan* v. *Davenport, supra; Dean* v. *Robinson* (1904), 34 Ind. App. 468, 73 N. E. 169.

Said exhibit alleged no facts which showed or tended to show that "title to the real estate would have to be tried" to determine the issues presented, and therefore it did not put the title to land in issue within the meaning of Sec. 1881, *supra.*

It might be contended that the plea in abatement put the title to land in issue within the meaning of Sec. 1881, *supra.* It was verified, and, omitting the purely formal parts and the prayer thereof, was as follows:

"Comes now the defendants and each of them and by way of plea in abatement to the above entitled action say that the defense, of which the defendants will be compelled to make, is purely an equitable defense based upon the right and ownership of the real estate mentioned in plaintiff's complaint.

"That the issues now before the court to be determined are clearly to determine the right of ownership of the identical property mentioned in plaintiff's complaint, and that by reason thereof the only

vital issue before this court to be determined is the title to real estate, which is beyond the jurisdiction of this court; by reason of which this court is without jurisdiction to try and determine the issues made by the pleadings."

Not a single fact is alleged which shows or tends to show that title to the premises was in issue. All said allegations are conclusions of law.

A plea in abatement can not put the title in issue. *Parker* v. *Bussell, supra.* Its purpose is to call the court's attention to the fact that title *has been* put in issue. Hence, title to land, not having been put in issue by verified plea, the trial court was not required to certify the cause to the Circuit Court.

No evidence was offered which tended to show that title to land was in issue.

No reversible errors having been shown, the judgment is affirmed.

KIME, J., Dissenting in Part—I concur in the result reached herein but do not concur in the following two paragraphs:

"We think said provision of the code of civil procedure is applicable to the trial court, and if in the instant case title to land was 'put in issue by plea supported by affidavit,' the trial court should have forthwith certified the cause and papers to the circuit court.

Neither of the paragraphs of answer or cross-complaint were verified, therefore the filing thereof did not require the trial court to certify the cause to the circuit court under said Sec. 1881, Burns, *supra*."

It is not necessary in this opinion to express our ideas as to where the Municipal courts should certify this case and the two paragraphs here quoted are dicta.

In the former opinion I expressed my idea that the Municipal court could certify this not only to the Circuit Court but to any of the Superior Courts of Marion County and since that opinion has been recalled it

naturally recalls my concurring remarks and since it is not necessary to a decision here I do not express an opinion thereon.