FIGG & MULLER ENGINEERS, INC., Defendant-Appellant,

v.

Nancy Anne PETRUSKA, Personal Representative and Administratrix of the Estate of Robert Arnold Kaser, Plaintiff-Appellee,

Midwest Steel Erection Company, Inc.; Anthes Industries, Ltd.; Thatcher Engineering Corp.; Dyer Construction Company, Inc.; V.B.N.-S.T.S., Inc.; Lyle & Sons Excavating & Sales, Inc.; Chicago Contractors Supply, Inc.; State of Indiana; and Indiana Department of Highways, Defendants-Appellees.

No. 3–684A160.

Court of Appeals of Indiana, Third District.

May 23, 1985.

Rehearing Denied Aug. 1, 1985.

---

Stephen D. Marcus, Henry R. Daar, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, Ill., Peter C. Bomberger, Friedrich, Bomberger, Tweedle & Blackmun, P.C., Highland, for defendant-appellant.

Steven R. Crist, Gregory R. Lyman, Singleton, Levy, Crist & Johnson, Highland, G. Richard Potter, Deputy Atty. Gen., Indianapolis, David H. Nicholls, Ellen S. Podgor, Nicholls & Podgor, Crown Point, Richard A. Mayer, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellees; William S. Spangler, Jr., Merrillville, of counsel.

GARRARD, Judge.

Nancy Anne Petruska is the personal representative and the administratrix of the estate of Robert Arnold Kaser. Kaser died as the result of the collapse of a bridge ramp being constructed as part of the Cline Avenue Extension project in East Chicago, Indiana. Petruska filed suit in Lake Circuit Court against several defendants including Figg & Muller Engineers, Inc. (Figg & Muller). After two changes of venue,[1] this action was docketed in the

Benton Circuit Court. In that court, Figg & Muller filed a motion pursuant to Indiana Rules of Procedure, Trial Rule 42(A) for consolidation of Petruska's action with related causes of action pending in other counties and filed by other plaintiffs. At the hearing on their motion, Figg & Muller explained that the relief they sought was to have all the pending actions consolidated in Pulaski County. After the hearing, the trial court ruled as follows:

"And now the Court, being duly advised, is of the opinion that the Trial Rules of the State of Indiana do not authorize consolidation of this cause with a similar, but not identical, cause pending in the court of another county of this state.

WHEREFORE, said Defendant's Motion to Consolidate is OVERRULED AND DENIED."

The trial court certified and we accepted Figg & Muller's interlocutory appeal from the above order. This appeal presents one issue for our review:[2] Does Trial Rule 42(A) authorize a court of one county to order a case pending before it consolidated with a case pending before a court in a different county?

Trial Rule 42(A) provides:

"(A) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

■ We believe the rule is clear on its face and not susceptible to the interpretation urged by Figg & Muller. The rule provides that *"[w]hen actions involving a common question of law or fact are pending before the court ... [the court] may order all the actions consolidated...."*

---

1. The second change of venue occurred after Petruska added additional defendants to her complaint.

2. We will not consider issues raised by Petruska in her answer brief which were not certified for this interlocutory appeal.

(our emphasis). Figg & Muller encourages us to interpret the rule as if it provided:

"When one or more actions pending before a court involve a question of law or fact in common with one or more actions pending before another court, the first court may transfer the action(s) pending before it to the other court for consolidation with the other action(s)."

However, the plain language of Trial Rule 42(A) authorizes only consolidation of actions pending before *the* court; it does not authorize transfer of actions from one court's jurisdiction to that of another for consolidation.[3]

Federal Rules of Civil Procedure 42(a) is identical to our Trial Rule 42(A). The federal cases interpreting that rule support our holding here. In *Swindell-Dressler Corp. v. Dumbauld* (3d Cir.1962), 308 F.2d 267, the Court of Appeals stated that "... a cause of action pending in one jurisdiction cannot be consolidated with a cause of action pending in another jurisdiction. Rule 42(a) ... will not permit such a course. The cases to be consolidated must be 'pending before the court.'" 308 F.2d at 273.

In *Silver v. Goodman* (D.C.Conn.1964), 234 F.Supp. 415, the District Court said, "Rule 42(a) pertains only to the consolidation of actions pending before the same court; it does not authorize the transfer of a case to a different district for consolidation with a case pending in the transferee court." 234 F.Supp. at 416.

In the federal courts, transfer from one district to another is accomplished pursuant to 28 U.S.C. Section 1404(a) which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

After such transfer, the transferee court then may exercise its discretion pursuant to Rule 42(a) to consolidate the transferred case with another case already pending before it. *Anschell v. Sackheim* (D.C.N.J. 1956), 145 F.Supp. 447; *Popkin v. Eastern Air Lines, Inc.* (D.C.Pa.1966), 253 F.Supp. 244.

Figg & Muller cites cases from New York which permit intercounty consolidation of cases. However, the New York rules of civil practice with respect to consolidation, transfer and venue do not parallel our own rules. The cases interpreting the New York rules are therefore of no assistance here.

Figg & Muller also cites the Civil Code Study Commission Comments found in 3 Harvey, *Indiana Practice* 248 (1970); "[T.R. 42(A)] is intended to knock out *Johnson v. Greenen*, 98 Ind.App. 612, 188 N.E. 796 (1934) refusing one court the power to order consolidation of a case with a case pending in another." In *Johnson*, the Municipal Court of Marion County had refused to order an action pending before it consolidated with a similar action pending before the Marion Superior Court. The Indiana Court of Appeals found no error, holding that the municipal court had no authority to consolidate causes of action pending before it with causes of action pending in any other court.

While we make no comment on the continued vitality of this particular holding from *Johnson*, we do not believe the plain terminology employed in TR 42(A) had the effect on the case attributed to it by the Commission.

---

**3.** *Compare* TR 42(A) with TR 21(B) which provides in part:

"The court may transfer the proceedings to the proper court if it determines that venue or authority of the court is dependent upon a claim, or a claim by or against a particular party which appears from the pleadings, or proves to be a sham or made in bad faith; and if another action is pending in this state by or against a person upon the same claim at the time he becomes a party, the court may dismiss the action as to him, or in its sound discretion, it may order all or part of the proceedings to be consolidated with the first pending action."

No motion pursuant to TR 21(B) was before the trial court nor does Figg & Muller argue the applicability of that rule to this case. Therefore we decline to discuss that rule in the context of this case.

The Commission's comments are not necessarily binding, *Sowders v. Murray* (1972), 151 Ind.App. 518, 280 N.E.2d 630, and our Supreme Court has often repeated the injunction that a statute or rule is not open to construction where there is no ambiguity in the language employed and its meaning is plain. *Ott v. Johnson* (1974), 262 Ind. 548, 319 N.E.2d 622; *Dept. of Pub. Wel. v. St. Joseph's Med. Center, Inc.* (1983), Ind.App., 455 N.E.2d 981.

The trial court correctly ruled that TR 42(A) did not authorize consolidation of the action pending in Benton County with the actions pending in Pulaski County.

Affirmed.

STATON, P.J., and HOFFMAN, J., concur.