IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1843, IN THE TWENTY-
EIGHTH YEAR OF THE STATE.

---

Doe, on the Demise of Shute, *v.* Grimes and Another.

The mortgagee of real estate has a right to the immediate possession of the mortgaged premises, unless there be an agreement to the contrary express-ed in the mortgage or plainly inferible from it.

APPEAL from the *Wayne* Circuit Court.

*Tuesday, December 12.*

Sullivan, J.—This was an action of ejectment brought by a mortgagee against a mortgagor. Plea, not guilty. The mortgage-deed was dated *August* the 21st, 1841, and was made to secure the payment of 4,100 dollars in three years from its date. The suit was commenced before default in the payment of the mortgage-money, and the only question in the case is, whether ejectment may be maintained by a mortgagee against a mortgagor before default, where the mortgage-deed is silent as to the possession. The Circuit Court gave judgment for the defendant, and the plaintiff appealed to this Court.

The law, we think, is well settled that the mortgagee, by virtue of his mortgage, becomes the legal owner of the pre-

Nov. Term, mises, and is consequently entitled at law to the immediate
   1843.   possession, unless there be an agreement between the parties,
   Doe    expressed in the contract, or plainly inferible from it, that
   v.     the mortgagor shall remain in possession. Coote on Mort.
  Mace.   342, 351.—1 Powell on Mort. 158, n.—3 *id.* 1152.—4 Kent,
155. In *Birch* v. *Wright*, 1 T. R. 378, *Buller*, J., says, "The
mortgagee has. a right to the actual possession whenever he
pleases ; he may bring his ejectment at any moment that he
will ; and he is entitled to the estate as it is with all the crops
growing on it." And in *Colman* v. *Packard*, 16 Mass. 39,
the Court said that it had long been settled and well known,
that a mortgagee had a right to immediate possession of the
mortgaged premises ; and yet, said the Court, "parties still go
on making mortgages without any covenant respecting the
possession, although it is intended that the mortgagor shall
remain in possession until the condition is broken." Courts
of equity also acknowledge the right of the mortgagee to the
possession, and will not, it seems, interfere to prevent him
from pursuing his legal remedy. *Cholmondeley* v. *Clinton*, 2
Merivale, 359.—*Williams* v. *Medlicot*, 6 Price, 495(1).

   *Per Curiam.*—The judgment is reversed with costs.
Cause remanded, &c.

   *J. S. Newman* and *S. E. Perkins*, for the appellant.
   *J. Rariden*, for the appellees.

(1) "No action shall hereafter be maintained, by which a mortgagee, or
his assigns, or representatives, shall recover the mortgaged premises, or the
possession thereof, unless there be, in addition to the usual covenants, a
clause inserted in such mortgage, by which it is specially provided that the
mortgagee shall be entitled to the possession of such premises." R. S. 1843,
p. 459.