Nov. Term,
1843.

Doe
v.
Mace.

---

Doe, on the Demise of Brown and Others, *v.* Mace and Others.

The heirs of a mortgagee, or, in case of their non-residence, the executor or administrator of the mortgagee, may sustain ejectment for the mortgaged premises against the mortgagor, or his tenant claiming under a lease granted after the mortgage without the privity of the mortgagee.

And the suit, in such case, may be brought without a demand of possession.

APPEAL from the *Tippecanoe* Circuit Court.

SULLIVAN, J.—Ejectment by the appellant against the appellees. The lessors of the plaintiff were the heirs and legal representatives of *Thomas B. Brown*, deceased, who was the mortgagee of the premises; the defendants were the mortgagor and others holding under him. Separate demises were laid in the declaration, and the defendants pleaded separately the general issue. Verdict and judgment for the defendants.

Upon the trial of the cause, the plaintiff moved the Court to instruct the jury, that if it were proved to their satisfaction that the lessors of the plaintiff were the heirs of the mortgagee, *T. B. Brown*, the plaintiff had a right to recover on a demise from them; 2. That if the heirs of said *Brown* are, and have been ever since his death, non-residents of the state, the plaintiff can recover on the demise of *Jenners* his administrator. The Court refused to give the instructions. The Court then instructed the jury that the plaintiff could not recover without proving notice to quit, or a demand of possession, before the suit was brought.

The Court erred in the instruction given, and in refusing to give the instructions asked. The legal title being in the mortgagee at the time of his death, it descended to his heirs, who hold the possession and receive the rents and profits as trustees for the administrator. The heirs upon whom the estate was cast very properly demised to the plaintiff, and as the legal title must prevail in this action, the Court ought to have given the first instruction asked. 2 Powell on Mort. 662, *et seq.*—8 Mass. R., supplement. The second instruction asked was founded on the 50th section of the act organizing the Probate Courts, R. S. 1838, p. 193, by which an executor or administrator, if there be no heir or devisee present to take possession of the .real estate of any testator or intestate, is authorized to take possession of such real estate, accounting for the rents and profits, &c. We think that instruction should have been given also. If on the trial the plaintiff had failed on the demise from the heirs, he had a right to resort to that from the administrator by virtue of the statute above cited.

The remaining question is, whether a mortgagee can dispossess the mortgagor, and those holding under him, without

a demand of possession or notice to quit? We have decided at the present term, in the case of *Doe d. Shute* v. *Grimes et al.,* that the mortgagee is entitled at law to the immediate possession of the mortgaged premises, unless there be an agreement between the parties that the mortgagor shall remain in possession. Formerly, a mortgagor in possession was regarded in the light of a tenant at will to the mortgagee, *Powsely* v. *Blackman,* Cro. Jac. 659, upon which was predicated the opinion that a notice to quit was necessary before he could be dispossessed. That view is now exploded, and it is generally acknowledged at this day that no such relation exists between them. He is not entitled to the emblements, nor does he hold paying rent; he is in possession by the sufferance merely of the mortgagee, and is therefore not entitled to notice to quit before ejectment may be brought against him. The *English* authorities, since the days of Ld. *Mansfield,* are uniform to this point. *Keech* v. *Hall,* Doug. 21.—*Moss* v. *Gallimore, Id.* 279.—*Birch* v. *Wright,* 1 T. R. 378.—*Doe d. Fisher* v. *Giles et al.,* 5 Bing. 421.—*Doe d. Roby* v. *Maisey,* 8 B. & C. 767. In the *U. S.* there is some contrariety in the decisions, but the weight of them is in accordance with the *English* authorities.

With regard to the under lessees of the mortgagor, the law is that they are liable, also, to be ejected without notice, provided they have been let into possession by the mortgagor subsequently to the mortgage, and without the privity of the mortgagee. But if the tenancies were created prior to the mortgage, the situation of the mortgagee is the same as that of the mortgagor before the mortgage was made. *Keech* v. *Hall, supra.—Thunder d. Weaver* v. *Belcher,* 3 East, 449.— *Doe d. Sheppard* v. *Allen,* 3 Taunt. 78. There was evidence which tended to show, that the under lessees held by virtue of a lease from the mortgagor, made since the date of the mortgage. The testimony was not conclusive to the point, but the jury might have fairly inferred, from the testimony adduced, that the lessees did so hold.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. M. Jenners* and *R. Jones,* for the appellant.

*D. Mace,* for the appellees.