BUTLER and Another *v.* DOE, on the Demise of ROCKAFELLAR.

A purchaser of an equity of redemption of real estate cannot support an action
   of ejectment, commenced before the revised statutes of 1843, for the mort-
   gaged premises, against a purchaser of them from the mortgagee.

ERROR to the *Franklin* Circuit Court.                          *Tuesday,*
                                                               *November 26.*
DEWEY, J.—This was an action of ejectment. Plea, not
guilty. Trial by the Court, and judgment for the plaintiff.

The facts were the following: The premises in question originally belonged to *Bull*, one of the defendants, who mortgaged them to one *Berry* to secure the payment of three promissory notes. *Berry* assigned the notes to *Butler*, the other defendant, and sold and conveyed to him the mortgaged premises. Subsequently to the mortgage, *Rockafellar*, the lessor of the plaintiff, recovered a judgment in the Circuit Court against *Bull*, and issued an execution which was levied upon the mortgaged premises. The sheriff sold them to *Rockafellar*, on the execution, and executed a deed to him. There was no reservation in the mortgage of the possession to the mortgagor. At the commencement of the action, *Bull* was in possession under his landlord, *Butler*.

We think the evidence did not justify the finding of the Circuit Court for the plaintiff. To sustain the action, it was necessary that the lessor of the plaintiff should have had the legal title. But by his purchase at the sheriff's sale, he acquired only the equity of redemption, and was placed thereby in the situation of the mortgagor. The mortgagee possessed the legal title, and might have maintained ejectment against the mortgagor. *Keech* v. *Hall*, 1 Dougl. 21. *Doe d. Roby* v. *Maisey*, 8 B. & C. 767. A mortgagee can devise or alien the legal estate; and it passes to his heir by descent. *Givan* v. *Doe d. Tout*, May term, 1844. *Butler* acquired the legal estate by his purchase from the mortgagee, and must be considered as standing in his place. This action, then, is governed by the same principles that would have controlled it, had it been between the original parties to the mortgage; and, certainly, a mortgagor cannot recover in ejectment against the mortgagee in possession. But the reverse is true, as has been already stated. At least, this was the law before the late revision of the statutes. The action of ejectment by the mortgagee, his assigns, or representatives, is, perhaps, now abolished. R. S. 1843, p. 459. But that revision was not in force at the commencement of this action.

*Per Curiam.*—The judgment is reversed at the costs of the lessor. Cause remanded, &c.

*G. Holland*, for the plaintiffs.

*J. M. Johnston*, for the defendant.