KINNEY *v.* DOE, on the Demise of LAMAN and Others.

The assessment-roll of county taxes of 1822 was held inadmissible evidence, in support of a tax title to a town-lot, without proof that the valuation of the lot had been legally made.

A tenant may show that after the commencement of the tenancy, his landlord's title had expired; but by becoming a tenant, he admits that at the time the tenancy commenced his landlord's title was good, and neither the tenant, nor any one claiming under him, can afterwards say the contrary.

*Monday,*
*May 24.*

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—This was an action of ejectment brought by the lessee of *Laman* and others against *Kinney,* for a lot of ground in *Terre-Haute.* Plea, not guilty. Verdict for the plaintiff. Motion for a new trial overruled, and judgment on the verdict.

The plaintiff proved that the lessors were the heirs of *James Henderson,* deceased, and showed a conveyance to *Henderson* of the premises, executed by one *Robert Kerr* and his wife in *April,* 1825. It was proved that, in 1822,

*Kerr* had possession of the premises and was residing on them with his family; that from *August* in that year until some time in 1823, one *Buxton* lived in the house on the lot as tenant of *Kerr;* that *Osborn* succeeded *Buxton* as occupier of the premises; that *Osborn* became a tenant of *Kerr* in 1823, and paid rent to his agent for the lot until the 30th of *December*, 1824; that *Osborn* continued in possession until 1828 or 1830; and that the defendant, *Kinney*, succeeded *Osborn* in the possession. This was the plaintiff's evidence, and he showed by it a *prima facie* right to a verdict.

The defendant relied on a sale of the lot to *John Campbell* for county taxes assessed against *Kerr* in 1822, a conveyance of the lot by *Campbell* to *Osborn* in *May*, 1825, and a conveyance of the lot by *Osborn* to him, the defendant, in 1828. The defendant, in attempting to prove the sale of the lot for taxes to *Campbell*, offered in evidence the assessment-roll of county taxes for 1822 signed by the lister, without proving that the valuation of the town-lots had been made by the lister and two householders. The evidence was objected to, because the assessment had not been legally made, and the objection was sustained. If this evidence was correctly rejected, the defendant cannot complain of the verdict, for the sale for taxes cannot be supported without proof of an assessment. We think the decision of the Court is right. The evidence was not admissible without proof that the assessment had been legally made. It could not be legally made, so far as the valuation of town-lots was concerned, except by the lister and two householders appointed by him. Acts of 1820, p. 150. The assessment-roll, therefore, was inadmissible for the purpose for which it was offered, without proof that the lots had been valued by the lister and two householders.

There is another point in this case. *Osborn* became possessed of the premises as tenant to *Kerr* in 1823; and it is made a question whether he himself, or the defendant who claims under him, could show that previously to that time, viz., in 1822, *Kerr's* title was divested by a sale of the lot for taxes assessed against him. This question must be decided against the defendant. He cannot say that at the time *Osborn*, under whom he claims, became *Kerr's* tenant, *Kerr* had no title to the lot. A tenant may show that after the

May Term,
1847.

*Per Curiam.*—The judgment is affirmed with costs.

*S. B. Gookins*, for the plaintiff.

*W. D. Griswold*, *J. P. Usher*, and *R. C. Gregory*, for the defendant.