May Term,<br>1847.<br><br>Grimes<br>v.<br>Doe.

---

Grimes and Another *v.* Doe, on the Demise of Shute.

8b 371<br>137 331

It was held that the verdict in this case, according to the evidence stated, ought not to be set aside.

A mortgage, though executed previously to the R. Statutes of 1843, and though the debt was usurious, is a valid security for the principal debt.

The act of 1843 prohibiting a mortgagee from recovering possession of the mortgaged premises, unless, &c., applies only to suits commenced after that act took effect.

May Term,
1847.

GRIMES
v.
DOE.

Wednesday,
May 26.

APPEAL from the *Wayne* Circuit Court.

This was an action of ejectment, commenced in *January*, 1843, for real estate in *Wayne* county. The lessee of a mortgagee was the plaintiff, and the mortgagor and a person claiming under him were the defendants. Plea, not guilty. Verdict and judgment in *August*, 1844, for the plaintiff.

BLACKFORD, J.—The plaintiff, at the trial, relied on the mortgage to his lessor, which was executed in *August*, 1841, and on the mortgagor's possession prior to the mortgage. The defendants introduced a conveyance of the premises by the mortgagor to the other defendant, dated previously to the mortgage, viz., in *April*, 1841; and they offered to prove that the mortgage-debt was usurious. The evidence of usury was objected to, and the objection was sustained. The plaintiff gave evidence to show that the conveyance, dated before the mortgage, was fraudulent and void. He proved, *inter alia*, that that conveyance was not delivered at the time it was dated; that the grantor, about the time of such date, said that he did not expect to have occasion to use it; that he was surety for a receiver of public money who was a defaulter, and that he expected to be sued as such surety; that he should keep the conveyance by him, and use it if it was necessary for that purpose. There was no proof as to when that conveyance was delivered. It was also proved that the grantee, who was the grantor's son, had inquired respecting the defalcation of the receiver referred to by his father, and said that he had understood it was some 50,000 or 60,000 dollars, that if such was the fact he would give up the farm (the premises in dispute) without any "fuss" about it, that he would lose it at any rate in that event. There was no proof dehors the deed to the son, that the grantee had paid any thing for the land. Under those circumstances, the verdict as to that deed ought not to be set aside. Indeed, the validity of the deed to the son is not insisted upon in this Court by the appellants. The only ground on which they rely to reverse the judgment, is the rejection of the evidence offered to prove that the mortgage-debt was usurious.

The question, whether if a mortgage-debt be void for

usury the mortgage can be valid, has been argued by the counsel on both sides, but need not be decided, because the debt in this case was not void, though usurious interest was charged.  The act of 1843 concerning the interest of money, which was in force at the time of the trial, provides that in cases of usury the principal debt shall be paid; and this Court has decided that that act applies to contracts made previously to its passage.  *Andrews* v. *Russell et al.* 7 Blackf. 474.  The mortgage in question, therefore, was a valid security for the principal debt; and the evidence offered to prove the usury was correctly rejected.

When this suit was commenced, a mortgagee was entitled to the possession of the mortgaged premises.  *Doe d. Shute* v. *Grimes et al.* 7 Blackf. 1.   The law has been since changed by the act of 1843, but that circumstance does not affect this case, as the new act applies only to suits commenced after it took effect.  *Butler et al.* v. *Doe d. Rockafellar,* 7 Blackf. 247.

PERKINS, J., having been concerned as counsel was absent.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Rariden* and *C. H. Test,* for the appellants.

*S. E. Perkins* and *J. S. Newman,* for the appellee.