### GUYNN *v.* JONES, Administrator.

APPEAL from the *Porter* Court of Common Pleas.

HANNA, J.—This was a suit by *Jones,* administrator of the estate of *Dye,* against *Guynn,* for rents due for certain real estate of said *Dye,* and accrued after the death of said *Dye.*

*Guynn* was defaulted, and, upon evidence heard, the damages were assessed by the Court. He now seeks to reverse this judgment, on the ground that the complaint does not show a cause of action in favor of said plaintiff against him, and that the judgment would not be a bar to a recovery by the heirs of *Dye,* for the same rents.

Our statute (2 R. S. p. 273) makes it the *duty* of the administrator of an estate, to take charge of, and rent, &c., the lands belonging to the estate in the absence of the heirs, &c., of the deceased.

The question raised is, whether, under this statute, the general averment in the complaint, that the plaintiff had authority to, and did, rent the property for, &c., is sufficient

without showing affirmatively that the heirs, &c., were not present, &c.

We think the complaint is sufficient, keeping in view this statute, and the principle that a tenant should not be permitted to dispute his landholder's title at the time of renting. *Kinney* v. *Doe*, 8 Blackf. 350.

*Per Curiam.*—The judgment is affirmed with 10 per cent. damages and costs.

*A. G. Deavitt*, for the appellant.