Epstein *v.* Greer.

No. 9450.

EPSTEIN *v.* GREER.

LANDLORD AND TENANT.—A tenant can not dispute his landlord's title.

SAME.—*Notice to Quit.*—*Description.*—The description of the premises in a notice to quit, as " the dwelling-house situate on the northeast corner of Fifth and Judiciary streets, Aurora, Indiana, now held of me by you as tenant," is sufficient.

SAME.—*Service of Notice.*—*Statute Construed.*—Service of the notice may be made and proved by a constable, and such notice may be served under section 6, 2 R. S. 1876, p. 341, on the tenant, whether on or off the premises, or, if he can not be found, upon some one of proper age residing on the premises.

PRACTICE.—*Answer.*—*Demurrer.*—*General Denial.*—It is not error to sustain a demurrer to a paragraph of answer, when the facts pleaded therein are admissible in evidence under the general denial filed therewith and remaining on file.

From the Dearborn Circuit Court.

*J. D. Haynes* and *J. K. Thompson,* for appellant.

*W. S. Holman, W. S. Holman, Jr., H. D. McMullen* and *D. T. Downey,* for appellee.

ELLIOTT, C. J.—The rules of law which determine this appeal against the appellant are familiar and firmly settled.

A tenant can not dispute his landlord's title. The complaint shows that the appellant was the tenant of the appellee. The answer concedes this, but avers facts showing that the landlord had no title to the demised premises. The answer is bad.

If the answer were good, no available error was committed in sustaining the demurrer. The record shows that there was an answer of general denial, and that the cause was tried upon the issue formed by this answer to the appellee's complaint. If there are any facts in the answer available to the appellant as a defence, they were admissible under the general denial, and consequently no injury resulted from the ruling upon the demurrer to the affirmative plea.

Among the points made in the discussion of the ruling upon

the motion for a new trial is one against the sufficiency of the notice to quit. This notice is said to be defective, because the property is not described with sufficient certainty. The description is, "the dwelling-house situate on the northeast corner of Fifth and Judiciary streets, Aurora, Indiana, now held of me by you as tenant." The office of a description is to furnish means of identification, and this one certainly does do that. The appellant could not have been in doubt as to the property meant by the framer of the notice. The description can, without any difficulty, be made certain. "That which can be made certain is certain."

Another point made upon the ruling refusing a new trial is, that there is no sufficient proof of service of the notice to quit. The notice was served by a constable, who testified that he served it upon the appellant, and this the appellant affirms is not sufficient, because it does not appear that the constable was the landlord's agent. There is nothing in this proposition. Another objection is, that the notice was not served upon the appellant on the demised premises. It was not necessary that notice to quit because of non-payment of rent should have been served on the tenant while actually upon the property held under the lease. The statute in force when this contract was made provides for the service of notice to quit for non-payment of rent in these words: "Notice, as required in the preceding sections, may be served on the tenant, or, if he can not be found, by delivering the same to some person of proper age and discretion, residing on the premises." 2 R. S. 1876, p. 341. The meaning of this is, that the notice may be served on the tenant if he can be found, no matter whether he be on or off the premises; but, if he can not be found, then it may be served upon some one of proper age on the premises.

Judgment affirmed.