Schenck *et al. v.* Kelley *et al.*

No. 9362.

SCHENCK ET AL. *v.* KELLEY ET AL.

EJECTMENT.—*Complaint.*—*Practice.*—That a complaint for the possession of real estate does not state the nature or extent of the interest which the plaintiff claims therein, is not an objection which can be reached by demurrer, but *it seems* that a motion to make more specific will lie.

SAME.—*Mortgage.*—*Limitations.*—In 1841 a mortgagee of lands, taking possession on condition broken, could lawfully hold until the rents and profits were sufficient to pay his debt and all taxes, and for necessary repairs made by him, and until that time the statute of limitations would not begin to run against the mortgagor as a bar to a suit by him for possession.

SAME.—*Tax Title.*—A mortgagee, in possession of lands, should pay taxes thereon, and can not set up against the mortgagor a tax title acquired while thus in possession.

From the Switzerland Circuit Court.

*S. Carter*, for appellants.

*J. D. Works* and *J. A. Works*, for appellees.

BLACK, C.—The appellees sued the appellants to recover possession of certain real estate in Switzerland county. There was an answer of five paragraphs, the first of which was a general denial. Demurrers to the third and fifth paragraphs were sustained, and appellants replied to the second and fourth paragraphs.

The cause was tried by the court, and, upon request, the court made a special finding. Judgment was rendered in accordance with the finding, in favor of the appellees, for the recovery of the possession of said real estate and nominal damages. A motion for a new trial made by the appellants was overruled.

Appellants have assigned as errors that the complaint does not state facts sufficient to constitute a cause of action; that the court erred in sustaining the demurrers to the third and fifth paragraphs of answer; that it erred in not carrying back said demurrers and sustaining them to the complaint; and that it erred in overruling the motion for a new trial.

Counsel for appellants insists that the complaint does not conform to the requirement of section 595 of the code of 1852 (sec. 1054, R. S. 1881), in that it does not sufficiently state the interest of the appellees in the premises, whether the interest is in fee simple, for life, for years, etc., or whether it is a legal or equitable estate or interest. Said section provides that in such an action "The plaintiff in his complaint shall state that he is entitled to the possession of the premises, particularly describing them, the interest he claims therein, and that the defendant unlawfully keeps him out of possession." In the complaint before us it is alleged that "the plaintiffs are the owners and entitled to the possession of the following described real estate in Switzerland county, in the State of Indiana, to wit: lot number six, in the original town of Vevay; that the defendants are in possession of said real estate wrongfully and without right, and unlawfully detain the same from the plaintiffs," etc.

In *Steeple* v. *Downing*, 60 Ind. 478, a complaint which alleged that the plaintiffs were "the owners, and lawfully entitled to the immediate possession, of the following described real estate," etc., without describing the kind of title, whether legal or equitable, or particularly stating the extent of the interest, was held good, and this decision was referred to as authority in *Burt* v. *Bowles*, 69 Ind. 1, 8–9.

We think that these decisions should be adhered to, and that the objection taken by appellants to the complaint should not be sustained. Whether by motion they might have required that the complaint be made more specific is another question.

We need not examine as to the sufficiency of the third and fifth paragraphs of answer; for under the general denial all defences, either legal or equitable, could be given in evidence, and, therefore, there could be no available error in sustaining the demurrers. *Berlin* v. *Oglesbee*, 65 Ind. 308; *Steeple* v. *Downing, supra.*

The court found, in substance, as follows: One James Kelley being the owner in fee simple of said lot six, he and

his wife, on the 26th of August, 1841, mortgaged it to the appellant Schenck to secure a judgment held by Schenck against Kelley, rendered by a justice of the peace, payable in one year. Schenck had no other claim upon the property, and he never foreclosed his mortgage or commenced any proceeding for that purpose. He took possession of the property under his said mortgage within a year from its execution, and had received, together with the other defendant, The Union Furniture Company of Vevay, the rents and profits therefrom from that time until the beginning of this suit, June 8th, 1878; and the rents so received by him were sufficient to pay all the taxes and for all necessary repairs put upon the property, and to pay his mortgage in full. Said James Kelley died in May of 1860 or 1861, and his wife died in the next following February, leaving the appellees, their children and only heirs at law. The court found also that the appellees brought this suit within less than twenty years from the payment of said mortgage, and that their cause of action was not barred by the statute of limitations; that the defendant Schenck did not hold possession of said real estate adversely, but held it under his mortgage, as he had a right to do under the statute then in force, and the plaintiffs' cause of action only accrued upon the payment of the mortgage; that said Schenck conveyed a part of the real estate on the 15th of July, 1870, but that at the time of his conveyance he had no title, and that none passed by the deed, and The Union Furniture Company had no title.

The motion for a new trial presented the question, among others, whether the verdict was sustained by sufficient legal evidence. The evidence showed that James Kelley, the father of the appellees, being seized in fee simple and in possession of said lot six, he and his wife executed to appellant Schenck, on the 26th of August, 1841, a mortgage on said lot and three other lots, numbered four, five and ninety-five. Schenck took possession of said lot six, as found by the court, under said mortgage, which has never been foreclosed. The evidence as to the amounts realized by Schenck as rents and profits from

said lot six, and of the amounts expended by him in repairs, was somewhat conflicting and uncertain as to some particulars. There was evidence tending to support the finding that the rents received by the mortgagee were sufficient to pay the mortgage in full, besides the taxes and repairs, and in this respect, therefore, the finding can not be disturbed.

The mortgagee's possession was rightful. *Doe* v. *Grimes*, 7 Blackf. 1; *Doe* v. *Mace*, 7 Blackf. 2; *Butler* v. *Doe*, 7 Blackf. 247; *Givan* v. *Doe*, 7 Blackf. 210; *Grimes* v. *Doe*, 8 Blackf. 371; Jones Mortg., section 702.

The mortgagee, having rightfully taken possession under his mortgage, had a right to hold possession until the mortgage debt was fully paid. *Givan* v. *Doe, supra; Johnson* v. *Cornett*, 29 Ind. 59; Jones Mortg., section 715, and authorities cited; 2 Washb. Real Prop. (3d ed.) 116, cl. 16.

When the debt was paid was a question of fact. The evidence was such as to sustain the finding that the debt had been paid within less than twenty years before the commencement of the action. When it was paid, the cause of action accrued, and the statute commenced to run, and not when the possession was taken under the mortgage, as suggested by counsel for appellants; for while the possession was rightfully held under the mortgage only, for the purpose for which it was executed and the possession was taken, it was not an adverse possession, and the appellees and their ancestor could not recover it. That purpose having been accomplished, the right of the mortgagee to possession ceased, and the appellees or their ancestor became entitled to recover possession. This is not to be treated as an action to redeem, and an action to redeem was not necessary; there was nothing from which to redeem. The evidence sustained the finding.

Appellants offered in evidence a deed of conveyance from said James Kelley and wife to one Rous for lots *four* and *five* in the town of Vevay, and a mortgage from said Kelley to said Rous of lot *ninety-five* in said town, both dated October 14th, 1840; also, a mortgage from said Kelley and wife to one Nash

for said lot *ninety-five,* dated August 14th, 1840; also, the complete record of an action brought by said Rous to foreclose his said mortgage, wherein said mortgages to Rous and Nash were foreclosed, appellant Schenck being made a defendant, his mortgage from said Kelley, as we have seen, being upon said lot ninety-five, so mortgaged to Rous and to Nash, as well as upon said lots *four, five* and *six,* in which action said Schenck was defaulted; also, the order of sale issued on the decree in said action, the sheriff's return, and the sheriff's deed conveying said lot ninety-five to one John L. Armington, dated May 3d, 1844. ˙ Upon objections by appellees the court refused to admit such offered evidence.

We are unable to see any error in this ruling. The case at bar was for the recovery of other real estate than the lots to which the offered evidence related. No evidence tending directly or remotely to show that any portion of the debt of Kelley to Schenck secured by the mortgage given to the latter was paid except by the income derived by him from said lot six was introduced or offered, and it was unnecessary and wholly useless for the appellants to show that Schenck derived no benefit from other real estate included in the same mortgage. The only other question presented by the motion for a new trial was that involved in the action of the court in refusing to admit in evidence a certificate of the sale of said lot six to one Joseph Peelman for the sum of $1.09, for the taxes of 1842, signed by the county auditor, dated January 4th, 1844, and the assignment thereof by said Peelman to said Schenck, dated January 11th, 1845.

Whether this evidence was properly rejected because the assignment was not acknowledged, as provided by section 99, R. S. 1843, p. 225, we need not enquire. The evidence so offered was not alone sufficient to show title to said lot in said Schenck, or any person other than said Kelley. See *Gavin* v. *Shuman,* 23 Ind. 32, and authorities there cited; *Ellis* v. *Kenyon,* 25 Ind. 134; *Ward* v. *Montgomery,* 57 Ind. 276; *Steeple* v. *Downing,* 60 Ind. 478. Further, at the date of the sale, as shown by the

·certificate, Schenck was in possession of said lot six under his mortgage, and it was his duty, while so in possession, to pay the taxes. He could not set up against his mortgagor a tax title acquired while he so held the property. 2 Washb. Real Prop. 116, 218 ; Story Eq. Jur., sec. 1016 ; 4 Kent Com., side p. 166 ; Jones Mortg., secs. 713, 714 ; *Morrison* v. *Bank, etc.*, 81 Ind. 335.

We find no error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of appellants.

Petition for a rehearing overruled.