No. 151.

## LLOYD v. DAVIS.

VENDOR AND PURCHASER.—*Rescission of Executory Contract of Sale by Vendor. —Cash Payment.—Forfeiture.*—Where a cash payment is made by the vendee when the sale is made, and notes are given for the remainder of the purchase-price, the first of which is to be paid before the deed is delivered, and by consent of the parties the time of payment of such note is extended from time to time, the vendor, after making a sale to another upon the failure of the vendee to pay, can not claim the cash payment as forfeited. When the second sale is made a right of action accrues to the first vendee to recover the cash payment made.

ATTORNEY AND CLIENT.— *Privileged Communications.*— An attorney may testify against his client if his testimony does not involve confidential communications made to him in the course of his professional business with the client, or advice given as to matters in the action in which he is testifying.

From the Marion Superior Court.

*W. N. Harding* and *A. R. Hovey,* for appellant.

*G. W. Galvin,* for appellee.

ROBINSON, J.—The appellee commenced this action against the appellant. The complaint alleges that appellee purchased of the appellant the real estate described therein, for which he undertook to pay the sum of $2,200 as follows : $200 cash, $1,000 in thirty days, and $1,000 in —— days; that pursuant to such sale and purchase, the appellant duly executed her warranty deed to the appellee for said property, and appellee paid to said appellant, in cash, said sum of $200, and executed his notes for the deferred payments, and a mortgage upon said property to secure such deferred payments, other than the $1,000 note due in thirty days; that the sale and purchase was made and perfected in the law office of Brown & Harvey, in the city of Indianapolis, and the papers so as aforesaid executed were left in their care and under their charge ; that afterwards, and within thirty days, the appellant went to said law office, and without right and without the knowledge of the appellee, obtained possession of said deed so executed as aforesaid, and took and

carried the same away, and has ever since retained possession thereof, and appellant also obtained possession of the notes and mortgage so executed to her, without the knowledge and consent of the appellee, and had retained possession thereof; that on the 19th day of September, 1887, the appellant, without right and without the knowledge of the appellee, executed and delivered to one William H. Brown her warranty deed to said described land, and placed him in the possession thereof; that by reason, etc., appellee was entitled to recover, etc.

The appellant answered in two paragraphs : *First.* General denial. *Second.* Set-off. Among the items claimed in the set-off was commission paid by appellant to a real estate agent for negotiating the sale of the real estate to the appellee ; amount paid by appellant for abstract of title to said real estate ; loss of interest on money which the appellee had agreed to pay appellant, etc.

The appellee replied by general denial.

The cause was tried by the court, resulting in a finding in favor of the appellee for $70, and over a motion for a new trial, judgment was rendered on the finding.

The case was appealed to the general term of the superior court, and the judgment rendered at the special term of said court was affirmed, with costs.

The error assigned in this court is "That the superior court in general term erred in affirming the judgment of the court in special term."

We have not been favored with a brief from the appellee.

Under the first and second causes assigned in the motion for a new trial, to wit, that the decision was not sustained by sufficient evidence, and that the decision was contrary to law, the contention is made by the appellant that there was no evidence that entitled the appellee to recover the $200, or any part thereof paid to the appellant toward the purchase-price for the real estate ; that the sum so paid under the terms of the contract of purchase became forfeited to the appellant,

and could not be recovered; that under the law, when applied to the evidence in the case, the finding and judgment should have been for the appellant.

It appears from the record that the trial court found in favor of the appellee as to the said sum of two hundred dollars, paid by him to appellant toward the purchase-price of said real estate, and allowed the appellant on her set-off the commission paid for the sale of the real estate, amount paid for an abstract of title to the property, which was delivered to the appellee and never returned, for interest on the money, and for expense because of a failure of the appellee to comply with his agreement, in all $130, and rendered judgment in favor of the appellee for the residue, the sum of $70, and costs of suit.

The evidence in this case shows the following facts : On the 28th day of May, 1887, the appellant, through her agent, sold the real estate described in the complaint to the appellee for the consideration of $2,200, payable as follows : $200 in cash, $1,000 in thirty days, $500 in one year, and $500 in two years, with six per cent. interest on deferred payments. Notes were to be executed for the deferred payments, and secured by mortgage on the real estate ; the deed was to be executed at the time. In pursuance of this agreement the appellant made the deed to appellee, and appellee paid $200 in cash, and executed his notes and mortgage to secure deferred payments of the money paid. Appellant paid the real estate agent $76 for his commission in negotiating the sale of the real estate. The deed was to be held back until the payment of the $1,000 was made in thirty days, and by agreement of parties the deed, mortgage and notes were placed in the hands of Brown & Harvey, attorneys, to be held by them until the payment was made of $1,000 due in thirty days. This payment was not made. A few days after the papers were left with Messrs. Brown & Harvey the appellant called on them and took into her possession said papers, including the deed, mortgage and notes. She after-

wards returned the mortgage and notes, but retained the deed. Matters remained in this condition without either party doing anything, or attempting to do anything, toward closing up the contract as originally entered into, the appellant still retaining possession of the deed, and leaving the notes and mortgage in the hands of her attorneys, while the appellee did not pay the $1,000 due in thirty days from the date of the transaction, or make any effort to do so, until the 5th day of September, 1887, when appellant caused her attorneys to address a letter to the appellee, saying : " Mrs. Mary C. Lloyd has retained us in relation to a business transaction which she has with you, and has instructed us to say for her, in the premises, ' that as you failed to pay the $1,000 note executed by you as a part payment for the real estate which you agreed to purchase from her on or about the 28th day of May, 1887, at the maturity thereof, and as the note is more than sixty days past due, and is still unpaid, and as the payment of said note was a condition precedent to the completion of the sale of said real estate, and was to have been paid on or before May 28th, 1887, she now considers that she is no longer either legally or morally bound to wait longer on you for the payment of said note, and she considers all negotiations between you for a sale and purchase of said land at an end.

" If, however, you still want the real estate upon the terms agreed upon Miss Lloyd is willing that you should take it at any time within the next five days, viz., at any time before September 11th, 1887.

" You are notified if you do not close the trade and pay the $1,000, before September 11th, 1887, the trade will be finally off, and that the $200 will be forfeited to her, and that she will not thereafter deliver the deed to you."

Upon the receipt of this letter appellee made demand through appellant's attorneys for the $200 he had paid on the real estate, which was refused, and appellee was notified that appellant stood ready to carry out her agreement, and

that the deed was ready for him. He said he would not take the deed, and could not raise the $1,000. In a day or two after this appellant's attorneys offered appellee the notes and mortgage, which he refused to accept, and again demanded the $200; on the 19th day of September, 1887, appellant by warranty deed sold and conveyed said real estate to a third party for the consideration of $2,200.

The foregoing statement contains the material facts proven upon the trial of the cause, and upon these facts counsel for the appellant claim that the amount paid by appellee to the appellant under the agreement for the real estate became and was forfeited to the appellant, and that said sum of money and no part thereof could be recovered in this action.

We can not concur with the appellant in the position assumed. There was no agreement between the parties when the $200 was paid toward the purchase-price of the real estate that said sum should become forfeited to the appellant in case the appellee failed to comply with the agreement, and it is evident from the facts in the case that neither party regarded time as the essence of the contract, or that the money paid would become forfeited upon the failure of appellee to make the other payments. It is also clear that the time for complying with the agreement was extended from time to time by the acts and consent of the parties, until the appellant gave notice to the appellee that if he did not perform the agreement by a day fixed appellant would consider it at an end, and claim the money paid thereon as forfeited to her, and thereupon the appellee having failed to comply with the terms of said notice, appellant sold and conveyed the real estate to another party and put it out of her power to execute the contract with the appellee had he desired to do so. We think that when the appellant sold and conveyed the real estate to another person, a right of action accrued to appellee to recover the money so paid on the contract of purchase, and when the amount of set-off that was allowed appellant by the trial,

court is taken into consideration, it does not appear that appellant has any just cause of complaint. *Barickman* v. *Kuykendall*, 6 Blackf. 21 ; *Gaar* v. *Lockridge*, 9 Ind. 92 ; *Dantzeiser* v. *Cook*, 40 Ind. 65.

The next alleged error complained of by the appellant is, that upon the trial of this cause Lawson M. Harvey and Edgar A. Brown, who had, previous to the commencement of this action, been the attorneys of the appellant in the business connected therewith, were examined as witnesses on behalf of the appellee. The objection urged against the testimony of these witnesses is, that having been the attorneys for the appellant in said business, all communications between them were privileged. The fact that said witnesses had been the attorneys of the appellant in said business was made to fully appear by the record, but there was nothing in the testimony of either of said witnesses that could have been excluded upon the ground of being privileged. The testimony given by said witnesses did in no way conflict with their duties as attorneys as to confidential communications made to them in the course of their professional business with the appellant, or as to any advice given as to matters in any way connected with this action. There was no error in the ruling of the court as to this evidence.

We find no error in the record for which this case should be reversed.

It is, therefore, affirmed, with costs.

Filed June 25, 1891.