No. 577.

## MILLIKAN v. DAVENPORT.

LANDLORD AND TENANT.—*Action for Possession.*—*Institution of Before Justice of Peace.*—*Title to Land.*—*Insufficiency of Plea in Abatement.*—In an action instituted before a justice of the peace for the recovery of leased premises, a plea in abatement which averred that the title to said premises was involved; " that the defendant purchased said lot of D. on the —— day of September, 1890, for $1,300; " that he had made a payment of purchase-money on said lot and that he was not a tenant of the plaintiff, but claimed said lot by right of purchase, did not put the title to the land in issue, as it did not show when the alleged purchase was made, whether before or after the tenancy, or whether or not the defendant had purchased the land of the plaintiff, or if the vendor was not the landlord it does not appear whether the vendor's title was paramount to that of the landlord, or was derived from the landlord, or that the vendor had any title, and neither does it allege a conveyance.

From the Tipton Circuit Court.

*J. W. Kern, L. O. Bailey* and *J. C. Dean,* for appellant.

*J. F. Morrison, J. E. Holman, J. C. Blacklidge, W. E. Blacklidge, C. C. Shirley* and *B. C. Moon,* for appellee.

BLACK, J.—This cause originated before a justice of the peace, the complaint showing a cause of action in favor of the plaintiff, William E. Davenport, the appellee, as landlord, against the defendant, Thomas Millikan, the appellant, as tenant, for the recovery of the possession of the leased premises, alleged in the complaint to have been leased by the appellee to the appellant on the 26th of September, 1890.

Before the justice the appellant filed a plea, sworn to by him, asking that the cause of action abate and be certified to the circuit court "for the reason that the title to said " premises " will be involved in this case ; that the defendant purchased said lot of William E. Davenport on the —— day of September, 1890, for thirteen hundred dollars ; paid George H. Davenport, as the agent of William

E. Davenport, one hundred and twenty-five dollars on December 13th, 1890, purchase-money on said lot; that defendant is not the tenant of plaintiff, but claims said lot by right of purchase."

The statute (section 1434, R. S. 1881) provides: " If the title to land shall be put in issue by plea supported by affidavit, or shall manifestly appear from the proof on trial to be in issue, the justice shall, without further proceeding, certify the cause and papers to the circuit court of the proper county, where the same shall be tried."

In the case before us the justice retained the case, to be tried on its merits. The judgment being in favor of plaintiff, the defendant appealed to the court below, where he moved to dismiss the action. The overruling of this motion is assigned as error.

The argument of counsel suggests the question whether or not the appellant, by his verified plea, put the title to land in issue, and thereby deprived the justice of authority to proceed further, except to certify the case to the circuit court.

Without inquiring as to whether the question is properly raised and presented, we are of the opinion that the plea was not sufficient to require the justice to certify the cause.

Under a statute which declared that justices of the peace should have no jurisdiction " in any case where the title to lands or tenements shall come in question," it was held that in no case could the defendant oust the justice of his jurisdiction by his simple allegation in a plea that the title to certain land would come in question. *Parker* v. *Russell,* 3 Blackf. 411.

In an action for trespass upon land, commenced before a justice, it was held that the justice could not be ousted of his jurisdiction by an answer concerning the title, un-

less it were made to appear that the title itself must be tried. *Melloh* v. *Demott,* 79 Ind. 502.

The question whether the appellant's plea showed that the title to land must be tried depended upon the facts alleged, and not upon his mere conclusions stated.

A tenant while holding as such is estopped from controverting the title of his landlord existing at the commencement of the tenancy, or setting up to defeat it an incompatible and paramount title in a third person or one acquired by the tenant during the tenancy. But he may show that the landlord's title has expired since the commencement of the tenancy, or that the tenant since the commencement of the tenancy has acquired a title consistent with that admitted by the demise. *Kinney* v. *Doe,* 8 Blackf. 350 ; *Millhollin* v. *Jones,* 7 Ind. 715 ; *Guynn* v. *Jones,* 12 Ind. 486 ; *Epstein* v. *Greer,* 78 Ind. 348 ; Taylor Land. and Ten., sections 705–707.

The appellant's plea is remarkable for its omissions. It does not show whether the alleged purchase was before or after the commencement of his tenancy, or allege whether or not his vendor was the plaintiff. It does not allege a conveyance, and the purchase mentioned must be taken as having been by parol ; it must be assumed that there was no written contract or sale. There is no allegation that he relinquished his possession as tenant, and was placed in possession as purchaser. His possession and part payment can not be treated as part performance of a contract of sale, but he must be regarded as having continued in possession as tenant. *Carlisle* v. *Brennan,* 67 Ind. 12 ; *Neal* v. *Neal,* 69 Ind. 419 ; *Rucker* v. *Steelman,* 73 Ind. 396 ; *Railsback* v. *Walke,* 81 Ind. 409 ; *Judy* v. *Gilbert,* 77 Ind. 96 ; *Green* v. *Groves,* 109 Ind. 519 ; *Swales* v. *Jackson,* 126 Ind. 282 ; Pomeroy Contr., sections 112–125.

If the alleged purchase was made before the commencement of the tenancy, it could not be set up by the tenant

Millikan *v.* Davenport.

as a ground for disputing the title of his landlord. If the person from whom the tenant is alleged to have purchased was not the landlord, it does not appear whether the vendor's title was paramount to that of the landlord or was derived from the landlord, and it is not alleged that the vendor had any title.

If .the purchase was made from the landlord during the continuance of the tenancy, then the plea does not show any title in the appellant or right to enforce a conveyance to him from the appellee.

If the appellant had shown in his plea that the appellee had refused or had become unable to carry out a verbal contract for the sale of the premises in dispute to the appellant, in fulfilment of which the appellant had paid purchase-money to the appellee, the pleading would have indicated that the appellant had a right of action for money had and received. • *Barickman* v. *Kuykendall*, 6 Blackf. 21; *Day* v. *Wilson*, 83 Ind. 463; *Gwynne* v. *Ramsey*, 92 Ind. 414; *Wallace* v. *Long*, 105 Ind. 522; *Hopkins* v. *Ratliff*, 115 Ind. 213; *Lloyd* v. *Davis*, 2 Ind. App. 170.

The appellant's plea did not show any ground for disputing the title of his landlord; the title to land was not put in issue thereby. Therefore, it was not obligatory upon the justice to certify the cause and papers to the circuit court, but he had authority to proceed, as he did, to dispose of the case upon its merits.

The judgment is affirmed.

Filed Oct 11, 1892.