DAVEY ET AL. v. MEIER ET AL.

[No. 17,556. Filed May 23, 1947. Rehearing Denied June 17, 1947. Transfer Denied October 8, 1947.]

578

*Knowlton H. Kilsey,* of Huntington, for appellants.
*Claud Cline,* of Huntington, for appellees.

ROYSE, J.—Belle L. Kase commenced this action in May, 1939, against appellees for the possession of and to quiet her title to certain real estate in Huntington, Indiana. Before trial she died and appellants as her sole heirs were substituted as plaintiffs. The cause was tried on appellants' amended complaint, appellees' answer pleading 15 year statute of limitations and the making of permanent and lasting improvements. Appellees also filed a cross-complaint in which they sought to have the title to said property quieted in them. Trial to the court resulted in finding and judgment against appellants on their complaint and in favor of appellees on their cross-complaint. This appeal followed. The error assigned here is the overruling of appellants' motion for a new trial. The specifications of that motion question the sufficiency of the evidence and the legality of the decision of the trial court.

Appellees filed their motion to dismiss this appeal because of technical defects in the transcript and brief. We permitted appellants to correct by amendment. Therefore, the motion to dismiss is overruled.

The pleadings and evidence disclose the following facts: Sometime prior to 1906 Belle Kase married David

Kase, who was a native of Huntington, Indiana. The property here involved was the home of the parents of said David Kase. Veronica Meier was a sister of David. For several years prior to 1906 she was a widow and with her four children lived in the home with her father. The father died in 1906. David Kase and his wife, Belle, acquired this property by deed from the heirs of David's parents in May 1906. Veronica joined as grantor in this deed. The Kases made an arrangement with Veronica whereby she could continue to live in the property if she would pay the taxes, upkeep, repairs and insurance. Veronica was in straitened financial circumstances and David sent her about $5.00 per month. He died in October, 1911. Belle brought his remains to Huntington and while there told Veronica she could continue to occupy the property on the same conditions. In the year 1913 Belle Kase executed a written lease giving Veronica for life the right to occupy this property on the condition that she pay the taxes, upkeep, repairs and insurance. This lease was acknowledged before a Notary Public in Los Angeles. Belle mailed the lease to Veronica who acknowledged its receipt and told Belle she had signed it. There was only one copy of the lease. In 1914 or 1915 Anna Meier, a daughter of Veronica, wrote Belle and told her the roof was so bad they could not live in the house if it was not fixed and requested Belle to fix it. Belle replied, if they did not want to fix it to return the lease and she would sell the property. Anna replied to this and said they would arrange to fix the roof. Belle corresponded with the Meier family generally through Anna until the death of the latter in 1925 or 1926. She had one or two letters after this from the appellees Fred and Hazel Meier. Veronica Meier died in 1937. Belle Kase was not informed of her death and did not learn of it

until 1939 when she received the information from her attorney.

On motion of appellants, appellees were directed to produce the lease at the trial of this cause. It was not produced. A search was made of the records of the Notary Public who acknowledged the lease for a copy of it but none was found. The Notary died several years before this action was commenced.

The record discloses that prior to 1917 the taxes on this property became delinquent. In February, 1917 it was sold for taxes and assessments by the Auditor of Huntington County. Appellee Otto J. Meier bought it at this sale for $95.35. Subsequently he assigned the certificate to his mother, Veronica Meier. She received a tax deed from said Auditor February 1, 1921, and the property was on said date transferred to her. Veronica died testate and bequeathed the property to her sons, Otto J., William J., and Fred L. Meier, appellees herein. The appellees Nellie, Bertha and Hazel Meier are the respective wives of said sons. The appellees Otto and William Meier testified they did not know of the existence of any lease between Belle Kase and their mother, nor did they know of any arrangements regarding the property between the Kases and their mother prior to 1913.

The principal question presented by this appeal is: Did Veronica Meier acquire the title to this property through the tax deed?

Subject to certain exceptions and limitations, it is a well-established general rule that a tenant is estopped from denying the title of his landlord existing at the commencement of the tenancy, or setting up to defeat it an incompatible and paramount title in a third person or one acquired by the tenant during the tenancy. *Millikan* v. *Davenport* (1892), 5 Ind. App.

257, 259, 31 N. E. 1122; *Epstein* v. *Greer* (1881), 78 Ind. 348; 35 C. J. 1224, § 565; 32 Am. Jur. 117, § 112. This applies to their privies in blood or estate. 35 C. J. 1235, § 581. Also, it is well settled that a tenant who has agreed to pay taxes on the demised premises, or who is legally bound to pay such taxes, cannot acquire a valid title to the premises by a purchase at a tax sale, made in his own name, or in the name of another person for his benefit. 32 Am. Jur. 122, § 118; 35 C. J. 1246, § 602; *Williams* v. *Morris* (1877), 95 U. S. 444, 24 L. Ed. 360; *Burgett* v. *Taliaferro* (1886), 118 Ill. 503, 9 N. E. 334.

In the case of *Schenck* v. *Kelley* (1882), 88 Ind. 444, our Supreme Court held that a mortgagee in possession could not set up against his mortgagor a tax title he acquired while he so held the property. In the case of *Cooper* v. *Jackson* (1884), 99 Ind. 566, it was held a mortgagor of his land or his grantee remaining in possession owes a duty to the mortgagee to pay the taxes and if he fails to do so and then either directly or indirectly purchases the land at a tax sale, he acquires no rights against the mortgagee. In the case of *Kelley, Glover & Vale Realty Co.* v. *Bruck* (1941), 109 Ind. App. 440, 33 N. E. (2d) 777, 35 N. E. (2d) 120, this court held, one who occupies a position of trust and confidence with another cannot acquire by a tax deed title to the property of another which is the subject-matter of the relationship.

The foregoing rules are based on fundamental principles of honesty and justice. We are of the opinion they are controlling in the instant case. Belle Kase, in order to insure the appellees' ancestor a home for life, leased the premises to her for life on condition she pay the taxes, upkeep, etc. Veronica Meier was obligated to pay the taxes on this property.

She failed to do so. It would be unconscionable to permit her to take advantage of her breach of duty to acquire title to her landlord's property.

There is no merit in the contention of appellees that the rights, if any, of appellants are barred by the 15 year statute of limitations. The statute did not commence to run until the lease was terminated. *Williams* v. *Morris, supra; Schenck* v. *Kelley, supra.* The lease was terminated when Veronica Meier died in 1937. This action was commenced in 1939.

Appellees, through the assignment of cross-errors, maintain the court erred in admitting parol evidence of the contents of the written lease. They contend such error nullifies the errors relied upon by appellants. We do not agree with this contention. The record discloses ample grounds for the admission of this evidence.

For the reasons herein stated, the judgment of the Allen Superior Court is reversed, with instructions to sustain appellants' motion for a new trial.

NOTE.—Reported in 73 N. E. (2d) 56.

## ON PETITION FOR REHEARING

ROYSE, J.—Appellee's petition for rehearing indicates they have misconstrued the facts upon which we based our decision. In the original opinion we set out together in condensed form the pleadings and evidence. We referred to the original purchase of the property by David Kase and his wife and the arrangement they made with Veronica Meier. We did not deem it necessary to set out all of the evidence of the relations and actions of the parties prior to the execution of the written lease in 1913. We agree with appel-

lees there was evidence that regardless of any oral agreement prior to the death of David Kase he did pay taxes on this property. However, as pointed out in the original opinion, the written lease executed by Belle Kase to Veronica Meier obligated the latter to pay the taxes, etc. There was no evidence controverting the execution of this lease or its terms. Therefore, the petition for rehearing is denied.

NOTE.—Reported in 73 N. E. (2d) 494.