**LAKE COUNTY TRUST COMPANY,**
As Trustee for Trust # 4746,
Appellant,

v.

**Kenneth J. JONES, and Lois
J. Jones, Appellees.**

No. 45A03–0407–CV–325.

Court of Appeals of Indiana.

Dec. 1, 2004.

Rehearing Denied Feb. 3, 2005.

Russell T. Paarlberg, Lanting, Paarlberg & Associates, Ltd., South Holland, IL, Attorney for Appellant.

Frederick J. Tom, Merrillville, IN, Attorney for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Lake County Trust Company, as Trustee for Trust # 4746 (Trust) appeals the trial court's Findings of Fact and Conclusions of Law in favor of Appellees–Plaintiffs, Kenneth J. Jones and Lois J. Jones (collectively, the Joneses), granting them ownership of a certain strip of land (the disputed strip) by adverse possession.

We reverse.

### ISSUE

The Trust raises one issue on appeal, which we restate as follows: whether the trial court erred in finding that the Joneses adversely possessed the disputed strip located on the Trust property.

### FACTS AND PROCEDURAL HISTORY

On October 23, 1992, the Joneses acquired farmland property located in Lowell, Indiana. In 1996, the Trust purchased farmland property adjacent to the eastern boundary of the Joneses' property. Between 1971 and 1992 Paul Patchett (Patchett) was a tenant farmer on both the Joneses' and the Trust's properties while the properties were under different ownership. During the time that Patchett farmed both properties, a decrepit fence divided the properties. In order for each property to be more productive, Patchett removed the fence and farmed both properties according to a sight line established by an existing fence post and a telephone box. The fence post and the telephone box were approximately 1200 feet apart.

When the Joneses purchased their property on October 23, 1992, they continued to farm it according to the same sight line that Patchett had established. However, in the Spring of 2001, a survey conducted by the Trust, revealed that the Joneses were farming a width of 18 to 23 feet across the Trust's boundary line, which runs 1200 feet in length. Thus, the Trust placed markers on the surveyed boundaries and the Joneses did not farm the disputed strip that year. After the Trust's survey, the Joneses had their property surveyed. The Joneses' and the Trust's surveys were reviewed by a Survey Review Commission, which concluded that both surveys were in agreement with respect to the boundary.

On September 17, 2001, the Joneses filed a Complaint against the Trust claiming ownership of the disputed strip by adverse possession. On August 11, 2003, a bench trial was held. At the conclusion of trial, the trial court took the matter under advisement. On July 1, 2004, the trial court granted the Joneses' Complaint claiming ownership by adverse possession and issued the following Findings of Fact and Conclusions of Law, which state, in pertinent part:

### FINDINGS OF FACT

. . .

5. Surveys of the parties' respective properties shows that [the Trust] holds record title to the Disputed Strip.

. . .

8. Immediately prior to [the Joneses'] purchase of [the Joneses'] Property in 1992, Patchett had been farming

the Disputed Strip every year for over twenty (20) years. Patchett farmed [the Joneses'] Property from 1968 through 1992 and farmed both [the Joneses'] Property and [the Trust's] Property from 1971 through 1992. Patchett farmed both parcels, including the Disputed Strip, from 1971 through 1992 as a tenant with the consent of the prior owners of both parcels. Patchett's farming of the Disputed Strip was open and obvious.

. . .

10. Since removal of the fence in 1971 and at least until [the Joneses'] purchased [the Joneses'] Property in 1992, the line between the two parcels was indistinct, and a common set of "end rows" was made across both fields.

## CONCLUSIONS OF LAW

1. One claiming ownership of property by adverse possession bears the burden to demonstrate actual, visible, notorious, exclusive, and continuous possession of the property, under a claim of ownership, hostile to the true owner for a continuous ten-year period.

2. Successive periods of possession may be tacked together to attain the required statutory period for adverse possession.

3. Exclusivity requirement for adverse possession of land means that party must claim possession adversely, to exclusion of all others.

4. The operation of farming may be sufficient to establish adverse possession, when the farming occurs within a fence or is otherwise made exclusive to others.

5. Patchett's farming both parcels between 1971 and 1992 was adverse to the true owner of the Disputed Strip.

6. [The Joneses] have demonstrated by a preponderance of the evidence that they have farmed the Disputed Strip for a continuous ten-year period.

Because [the Joneses] have met their burden to show the elements of adverse possession by a preponderance of the evidence, judgment is entered for [the Joneses].

(Appellant's App. pp. 6–9).

The Trust now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

The Trust contends that the trial court erred in concluding that the Joneses met their burden to establish the elements of adverse possession by a preponderance of the evidence. Specifically, the Trust asserts that the Joneses did not adversely possess the disputed strip of land for a continuous ten-year period.

Initially, we note that in the present case, the trial court entered Findings of Fact and Conclusions of Law. When the trial court enters such findings, we apply the following standard of review: we must determine whether the evidence supports the findings and whether the findings support the judgment. *Wilfong v. Cessna Corp.*, 812 N.E.2d 862, 865 (Ind.Ct. App.2004). The court's findings and conclusions will be set aside only if they are clearly erroneous, that is, that the record contains no facts or inferences supporting them. *Id.* A judgment is clearly erroneous when a review of the record leaves us with the firm conviction that a mistake has been made. *Id.* We neither reweigh the evidence nor assess the credibility of wit-

nesses, but consider only the evidence most favorable to the judgment. *Id.*

 The Trust now maintains that the trial court erred in that Patchett's tenancy could not be tacked on to the Joneses' possession to attain the required statutory period for adverse possession. In order to establish title to land by adverse possession, the adverse claimant must prove that his possession was (1) actual, (2) visible, (3) open and notorious, (4) exclusive, (5) under claim of ownership, (6) hostile, and (7) continuous for the statutory period. *Allen v. Moran,* 760 N.E.2d 198, 200 (Ind.Ct.App.2001), *reh'g denied.* The statutory period for achieving adverse possession is ten years. *King v. Wiley,* 785 N.E.2d 1102, 1108 (Ind.Ct.App.2003) (citing Ind.Code § 34–11–2–11), *trans. denied.* However, successive periods of possession may be tacked together to attain the required statutory period. *Williams v. Rogier,* 611 N.E.2d 189, 195 (Ind.Ct. App.1993), *trans. denied.* An adverse claimant who sustains his burden of proving the requisite elements acquires title to disputed land by operation of law, and the owner's original title is therefore extinguished. *Allen,* 760 N.E.2d at 201.

█ Our review of the record in the instant case reveals that it is undisputed that the Joneses adversely possessed the disputed strip of land from October 1992 through the Spring of 2001, for a period of almost nine years from their acquisition until the performance of the Trust survey. However, even though the Joneses concede that Patchett's use of the disputed strip was not adverse to his landlord, they maintain they can tack Patchett's possession of the disputed strip in order to satisfy the ten-year statutory period. To support their argument, the Joneses misguidedly rely on 3 American Jurisprudence 2d. Adverse Possession § 24, which provides in pertinent part:

The requirement of actual possession may be met or kept fresh through possession, on behalf of the adverse claimant, by a tenant of the claimant. In other words, the possession by a tenant of the claimant is in law the possession of the claimant, who may claim the benefits.

This rule might be applicable if Patchett's previous landlord was claiming adverse possession of the disputed strip by means of Patchett's tenancy. However, Patchett was not a tenant of the Joneses, and therefore the Joneses cannot rely on Patchett's farming of the disputed strip in order to establish successive possession.

Moreover, if the Joneses were allowed to tack Patchett's farming of the disputed strip, as the trial court concluded, Patchett would effectively be claiming adverse possession against his own landlord. In *Reese v. Coffee,* 133 Ind. 14, 32 N.E. 720, 721 (1892), our supreme court held that it is an elementary principle of the law that a tenant is estopped from denying the title of his landlord. *See also Davey v. Meier,* 117 Ind.App. 577, 73 N.E.2d 56, 58 (1947) (recognizing that it is a well-established rule that a tenant is estopped from denying the title of his landlord existing at the commencement of the tenancy). Here, Patchett was a tenant of the disputed strip and could not create a boundary line dividing the two parcels contrary to that established by his landlords. Therefore, since the Joneses cannot tack their possession of the disputed strip with that of Patchett, they failed to adversely possess the disputed strip for the statutory period of ten continuous years. *See* I.C. § 34–11–2–11.

Accordingly, we find that the Joneses' claim of adverse possession fails. The evidence does not demonstrate that the Joneses' possession of the disputed strip was continuous for the statutory period to establish ownership by adverse possession.

*Allen,* 760 N.E.2d at 200. Thus, we find that the trial court erred as a matter of law concluding that the Joneses adversely possessed the disputed strip. Therefore, we conclude that the trial court's Order was clearly erroneous. *Wilfong,* 812 N.E.2d at 865.

## CONCLUSION

Based on the foregoing, we conclude that the trial court clearly erred in concluding that the Joneses adversely possessed the disputed strip located on the Trust property. Therefore, the trial court's Order is reversed.

Reversed.

CRONE, J., and VAIDIK, J., concur.